Frank MARTORANA, a/k/a Francis Arthur Martorana, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 88–7554
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 23, 1989.

Jeffery C. Duffey, Susan G. James, Montgomery, Ala., for petitioner-appellant.

James Eldon Wilson, U.S. Atty., Charles R. Niven, Asst. U.S. Atty., Montgomery, Ala., for respondent-appellee.

Before RONEY, Chief Judge, VANCE and COX, Circuit Judges.

PER CURIAM:

Frank Martorana appeals the district court's judgment denying his motion pursuant to 28 U.S.C.A. § 2255 to vacate his sentence and his subsequent motion pursuant to Fed.R.Civ.P. 59 to amend the judgment. He contends that at sentencing the trial court erred in failing to comply with Fed.R.Crim.P. 32(c)(3)(D)'s requirements governing disputed facts in the presentence investigation report, and that the section 2255 court erred in ruling that he failed to show "cause" and "prejudice" for any procedural default on his claims. We affirm.

Martorana was charged in a 12–count indictment with one count of engaging in a continuing criminal enterprise, 21 U.S.C.A. § 848, five counts of conspiracy to possess cocaine with intent to distribute, 21 U.S.C.A. § 846, three counts of possession of cocaine with intent to distribute, 21 U.S.C.A. § 841, and three counts of using a communication facility (a telephone) to facilitate a crime involving a controlled substance, 21 U.S.C.A. § 843(b). Pursuant to a plea bargain, he pled guilty to one count alleging that he possessed one-half pound of cocaine with the intent of distributing it. The other 11 counts were dismissed.

The presentence investigation report stated that Martorana's criminal acts had in one instance involved 440 pounds of cocaine, as alleged in one of the dismissed counts. At sentencing his attorney disputed this and stated that he wanted the court to consider the defendant's side of the story as well as the Government's. The Government indicated that the court should probably conduct a hearing on this disputed matter. The court, endeavoring to determine Martorana's position, asked defense counsel whether he wanted the court to make findings or merely to listen to both versions of the facts before sentencing. Ultimately, counsel conferred with Martorana and they both said that they waived any requirement for a hearing or fact-finding.

At the sentencing hearing the court listened to a witness called by the defense and to the arguments of counsel. Then, without making findings or stating wheth-er the allegation about the 440 pounds of cocaine influenced it, the court sentenced Martorana to seven years imprisonment and a $100,000 fine, later reduced to $50,-000. Martorana did not appeal.

Twenty months later Martorana filed this section 2255 motion alleging that he was entitled to be resentenced because the sentencing court did not resolve the factual dispute or state that it was not relying on the disputed matter as required by Fed.R. Crim.P. 32(c)(3)(D).

■ The district court properly held that when a defendant does not raise on direct appeal a failure to comply with Rule 32(c)(3)(D), he is barred from raising it in a section 2255 petition unless he can show cause and prejudice. *See United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Parks v. United States,* 832 F.2d 1244, 1245–46 (11th Cir. 1987). The court then held that prejudice need not be addressed because the defendant failed to show cause.

There is no question that the defendant can waive the requirements of Rule 32(c)(3)(D). *See United States v. Aleman,* 832 F.2d 142, 145–46 (11th Cir.1987); *United States v. Edmondson,* 818 F.2d 768, 769 (11th Cir.1987). He can appeal the failure of a district court to satisfy those requirements or the recognition by the district court of an improper waiver. Not having raised the issue on appeal, Martorana must show cause and prejudice for it to be considered in this case.

■ The cause and prejudice analysis is two-pronged. *If* the prejudice argued is the effect on the sentence of the information about the 400 pounds of cocaine, then indeed the district court is correct in finding that the defendant lacked cause for not appealing. He knew the sentence he received and knew as much then as he knows now as to whether there is any valid argument that the sentence improperly reflected a consideration of that information when the court made no finding under Rule 32.

On the other hand, *if* the cause for the failure to appeal is based on the claim that

he did not know the effect that the allegation about the 440 pounds of cocaine would have on his parole considerations, the argument he seems to make in his brief, then he can show no prejudice. He cannot show prejudice because *if* the district court had stated that it was not going to use the information he said was wrong, there would be no finding of fact about the matter. It would then remain in the presentence report, available to the parole board, and he would be in precisely the situation he is now in. *If* the district court had found the fact to be true, then he would be prejudiced beyond the present situation because presumably the parole board would abide by that decision. To be sure, if the district court found the·information to be untrue, he would be in a better position before the parole board, but he is unable to show that he can any better prove the truth of the matter to the district court than he can to the parole board.

■ If the parole board accepts the information without giving him a chance to prove its falsity, his remedy is through a 28 U.S.C.A. § 2241 petition for writ of habeas corpus addressing that problem, rather than attacking his sentence under section 2255 because of an alleged failure to follow Rule 32. Section 2255 is available to challenge the sentence as imposed by the court, not as executed by the parole board. *Allen v. United States*, 327 F.2d 58, 59 (5th Cir. 1964).

Thus, defendant cannot show cause and prejudice for his waiver of the requirements of Rule 32 before the sentencing court, or for his failure to appeal the failure of the trial court to satisfy those requirements. The district court correctly held that defendant could not raise this claim in his section 2255 petition.

■ In a Fed.R.Civ.P. 59 motion to amend the judgment, Martorana claimed that the Government had breached the plea agreement by including the matter of the 440 pounds of cocaine in the presentence report. The district court correctly concluded that the petitioner had defaulted on his claim by not raising it at sentencing or on appeal. Martorana and his attorney knew the contents of the plea agreement and would have been aware at the time of sentencing whether the Government violated its terms. Yet they did not object. In order to raise in a section 2255 proceeding an issue to which the petitioner could have objected in the trial court, but did not, he must satisfy the "cause and actual prejudice" standard. *See United States v. Frady*, 456 U.S. at 167–69, 102 S.Ct. at 1594–95. Martorana has failed to show any cause justifying his procedural default. In any event, the record contains no evidence of a breach of either an explicit or implicit term in the plea agreement. In fact, FBI Agent Andrew Duane, Martorana's witness at the sentencing hearing who had also been present during the plea bargaining, testified that the agreement did not limit the information which could be presented in the presentence report.

AFFIRMED.