**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul STOUT, Defendant–Appellant.**

No. 89–1175.

United States Court of Appeals,
Seventh Circuit.

Argued May 31, 1989.

Decided Aug. 16, 1989.

Rehearing Denied Oct. 10, 1989.

Thomas M. Durkin, Jeanne M. Wither-spoon, Asst. U.S. Attys., Chicago, Ill., for U.S.

Dennis Doherty, Chicago, Ill., for Paul Stout.

Before CUMMINGS and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

The defendant-appellant, Paul Stout, was charged under a four-count information with willful failure to file income tax returns. A jury found him guilty on all counts, and the district court subsequently sentenced him to three-years imprisonment. Shortly after the district court held his sentencing hearing, Stout filed post-trial motions to have his presentence report corrected because it allegedly contained an erroneous offense severity rating. The district court eventually ordered the probation office to delete its estimate of Stout's offense severity rating from the presentence report. The district court, however, refused to hold a hearing to determine what Stout's correct offense severity rating should be.

Stout raises only one issue on appeal. In essence, Stout claims that pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, he has a right to have a fully completed and factually correct presentence report. Thus, he argues that the district court violated Rule 32(c)(3)(D) by refusing to hold a hearing to determine his correct offense severity rating and to enter that rating in his presentence report. For the reasons discussed below, we affirm the judgment of the district court.

I

On August 7, 1987, the government filed a four-count information, charging Stout with willful failure to file income tax returns for the years 1981–1984 in violation

of 26 U.S.C. § 7203.[1] A jury convicted him on all four counts. On November 18, 1988, the district court held a sentencing hearing at which Stout and his attorney appeared. At the hearing, in response to the district court's inquiry, Stout's attorney stated that Stout and he had discussed the presentence report at length, and neither of them had any objection to it. The district court subsequently sentenced Stout to three-years imprisonment.

On December 1, 1988, Stout filed a motion to correct the presentence report.[2] In his motion, and a later amendment to it, Stout alleged that his presentence report contained an incorrect offense severity rating and that the district court should correct it. The government opposed his motion, arguing that Stout's presentence report contained a correct offense severity rating. On December 14, 1988, before Stout replied to the government's position, the district court denied Stout's motion.

Shortly thereafter, Stout filed a motion for reconsideration of the district court's denial of his motion to correct the presentence report. In his motion for reconsideration, Stout argued that the district court should conduct a hearing so that it could determine for itself his offense severity rating and correct his presentence report. On January 5, 1989, the district court held a hearing to consider Stout's motion for reconsideration. At the hearing, the court declined to determine the accuracy of Stout's offense severity rating in his presentence report. Instead, the court offered to enter an order, drafted by Stout's counsel, stating that a dispute exists over the probation office's estimate of Stout's offense severity rating included in his presentence report and that the Parole Commission should ignore the estimate and make its own determination.

On January 19, 1989, Stout filed yet another motion to correct his presentence report, and the district court held a hearing on the matter that same day. Again, Stout urged the court to determine his offense severity rating and enter that rating in his presentence report on the ground that Stout had an interest in a correct presentence report. The court refused to determine whether his presentence report contained a correct offense severity rating. Instead, the court entered an order which stated that the court did not take the presentence report's offense severity rating into account in sentencing Stout and ordered the probation office to delete its estimate of Stout's offense severity rating from the presentence report. Stout now appeals the district court's decision, claiming that the district court violated Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure.

## II

Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure provides:

If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

1. 26 U.S.C. § 7203 provides in pertinent part:
   Any person required under this title to pay any estimated tax or tax, or required ... to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall ... be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ... or imprisoned not more than 1 year, or both, together with the costs of prosecution.

2. Although Stout's motion was captioned "Motion for Correction of Presentence Report and *Resentencing*," *see* Rec. 114 (emphasis added), Stout apparently did not challenge in the district court, nor does he contest on appeal, the three-year sentence that the district court imposed.

This rule serves two purposes. First, it protects a defendant's right to a fair sentencing hearing. *E.g., United States v. Perez,* 858 F.2d 1272, 1276 (7th Cir.1988); *United States v. Carmel,* 801 F.2d 997, 1000 (7th Cir.1986). Second, it ensures a clear record of the disposition of controverted facts in the presentence report, *e.g., United States v. Ryan,* 810 F.2d 650, 657 (7th Cir.1987); *United States v. Reynolds,* 801 F.2d 952, 957–58 (7th Cir.1986), which reduces the likelihood that later decisions concerning the defendant may be made on the basis of improper information, *United States v. Eschweiler,* 782 F.2d 1385, 1387 (7th Cir.1986).

▮▮ The procedures set forth in Rule 32(c)(3)(D) are mandatory, not discretionary, *Blake v. United States,* 841 F.2d 203, 207 (7th Cir.1988), and our court has been reluctant to characterize any violations of the rule as harmless, *Johnson v. United States,* 805 F.2d 1284, 1285 (7th Cir.1986). If the district court fails to resolve a factual dispute or determine that it will not use the controverted fact in sentencing, the defendant is entitled to be resentenced. *See, e.g., United States v. Brown,* 870 F.2d 1354, 1361 (7th Cir.1989); *United States v. Hamm,* 786 F.2d 804, 808 (7th Cir.1986).

▮▮ Through his post-trial motions, Stout informed the district court that the the probation office's estimate of his offense severity rating contained in his presentence report was allegedly incorrect.[3] Stout thus argues that under Rule 32(c)(3)(D), the district court should have held a hearing to determine his correct offense severity rating and placed that rating in his presentence report. After thoroughly reviewing the record, we reject Stout's argument and find that the district court complied with the requirements of Rule 32(c)(3)(D).

The district court held two hearings concerning Stout's allegation that his offense severity rating was incorrect. After the second hearing, the district court entered an order which stated:

> The defendant has contested the Probation Officer's estimate of the defendant's severity rating under the Parole Commission's guidelines. The Government contends those estimates are correct. *The Court did not take those estimates into account in sentencing the defendant.* Rather than resolve this dispute, the Court orders the Probation Office to delete its estimate of the defendant's severity rating from the Pre-Sentence Report.

District Court's Order, Rec.Supp. (emphasis added). This order represents a proper resolution of the dispute under Rule 32(c)(3)(D). Rule 32 requires the district court *either* to resolve the factual dispute or to state that the controverted facts were not considered in sentencing the defendant. *See Levesque v. Brennan,* 864 F.2d 515, 518 (7th Cir.1988); *United States v. Sosa,* 789 F.2d 1257, 1262 (7th Cir.1986). The district court's order notes that an unresolved dispute exists over Stout's offense severity rating and that the court did not consider this controverted fact in sentencing Stout. Thus, the district court fully complied with the requirements of Rule 32(c)(3)(D). *See Andrews v. United States,* 817 F.2d 1277, 1280 (7th Cir.), *cert. denied,* 484 U.S. 857, 108 S.Ct. 166, 98 L.Ed.2d 120 (1987); *Ryan,* 810 F.2d at 657.

---

**3.** At the sentencing hearing, Stout's counsel stated that both Stout and he had discussed the presentence report at length and that neither of them had any objections to it. *See* Tr. at 4 (Nov. 18, 1988). It was not until after he was sentenced, through his post-trial motions, that Stout notified the district court of an alleged error in the presentence report. Thus, on appeal, the government argues that Stout waived his right to dispute alleged errors in his presentence report. Because Rule 32 contemplates that a defendant will inform the district court of any error in the presentence report prior to, or at, the sentencing hearing, Stout may have waived his right to dispute the probation office's estimate of his offense severity rating. *See Brown,* 870 F.2d at 1361 (The defendant "was required to object at the sentencing hearing if the presentence report contained any inaccuracies."); *see also United States v. Atehortua,* 875 F.2d 149, 151 (7th Cir.1989) (The defendant "has not found any case excusing failure to raise an objection to the presentence report in a timely fashion; neither have we."); *Martorana v. United States,* 873 F.2d 283, 284 (11th Cir.1989) ("There is no question that the defendant can waive the requirements of Rule 32(c)(3)(D)."). However, since the district court decided the merits of Stout's objection to his presentence report, so shall we.

Moreover, Stout received greater relief than he was entitled to under Rule 32(c)(3)(D) by the fact that the district court ordered the probation office to delete its offense severity rating in Stout's presentence report. Usually, if the district court chooses not to resolve a disputed fact and to ignore it for sentencing purposes, the challenged fact remains in the presentence report. *See United States v. Corbitt,* 879 F.2d 224, 231 (7th Cir.1989) ("[T]he court may simply disregard contested facts, in which cases the challenged statements remain in the [presentence] report...."). In this case, however, the district court ordered the challenged fact deleted from the presentence report, and therefore, the Probation Commission cannot possibly rely on, or be influenced by, the Probation Office's initial estimate of Stout's offense severity rating.

We also note that our court has approved a similar resolution to a Rule 32(c)(3)(D) issue in *Kramer v. United States,* 798 F.2d 192 (7th Cir.1986). In that case, the defendant contested the IRS's estimate of taxes owed contained in his presentence report. Rather than determine the accuracy of the IRS's estimate, the district court entered an order stating that it did not consider this disputed fact in sentencing the defendant. Our court found that the district court satisfied the requirements of Rule 32(c)(3)(D), and we approved the district court's suggestion that the IRS's estimate of taxes owed should be deleted from the presentence report. *Id.* at 195.

Stout, however, asserts that he has an interest in going to prison with a correct presentence report. Thus, he argues that rather than just ordering the probation office to delete its offense severity rating, the district court should have determined his correct rating and inserted that rating in his presentence report. This argument is without merit.

First, if we were to accept Stout's argument, we would essentially be turning Rule 32(c)(3)(D) on its head. In essence, Stout wants the district court to decide what his correct offense severity rating should be. By its very terms, however, Rule 32(c)(3)(D) allows the district court to choose *not* to resolve disputed facts by ignoring them for sentencing purposes. Therefore, the district court does not have to determine Stout's offense severity rating under Rule 32(c)(3)(D).

Second, Stout has failed to demonstrate any prejudice from the fact that the district court chose not to determine his offense severity rating. Stout has not shown that the Parole Commission has already made an allegedly incorrect estimate of his offense severity rating.[4] Thus, any prejudice to Stout is purely speculative because the Parole Commission may eventually agree with Stout as to what his offense severity rating should be. Under these circumstances, the district court did not err in refusing to determine Stout's offense severity rating.[5]

### III

For all the foregoing reasons, the judgment of the district court is

Affirmed.

---

4. At oral argument, neither Stout nor the government knew what action, if any, the Parole Commission had taken in regard to Stout's offense severity rating. We instructed counsel to make an inquiry with the Parole Commission and to notify our court of their response. On June 1, 1989, Stout filed a motion for leave to file a document concerning this issue, and the government subsequently filed a response. Because counsel had inquired with the Bureau of Prisons, instead of the Parole Commission, we denied Stout's motion for leave. Therefore, it is still unknown what action, if any, the Parole Commission has taken in regard to Stout's offense severity rating.

5. We note that although Stout alleges that his presentence report contains an erroneous offense severity rating, the government has not conceded that it is incorrect. Our court, like the district court, expresses no opinion as to the accuracy of Stout's offense severity rating which was contained in his presentence report.