490 S.E.2d 315

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Tracy John CRAFT, Defendant Below, Appellant.**

**No. 23610.**

Supreme Court of Appeals of West Virginia.

Submitted March 25, 1997.

Decided June 24, 1997.

Christopher B. Power, Robinson & McElwee, Charleston, Michael Cline, Charleston, for Appellant.

William C. Forbes, Prosecuting Attorney, In and For Kanawha County, Mary Beth Kershner, Assistant Prosecuting Attorney, Charleston, for Appellee.

McHUGH, Justice:

Defendant Tracy John Craft (hereinafter "defendant") pled guilty to a charge of first degree murder and was sentenced to life in prison without the possibility of parole. This case is before this Court upon defendant's appeal of the July 31, 1995 order of the Circuit Court of Kanawha County denying defendant's motion for reduction in sentence. For the reasons explained below, the circuit court's order is affirmed.

I.

The facts relevant to this appeal are primarily procedural in nature:

On or about June 24, 1993, defendant was arrested for the stabbing death of Robert R. Guinn. Upon the State's offer to recommend to the sentencing court that defendant receive a life sentence with mercy, defendant entered a guilty plea to the offense of first degree murder on October 31, 1994. Defendant's guilty plea was accepted by the trial court.

At the December 16, 1994 sentencing hearing, defendant's counsel indicated to the sentencing court his concern regarding a portion of the presentence investigation report: [1]

> Judge, I was ... a little disappointed to see in the report a comment about alleged prior assault and [sic] behavior on behalf of the defendant. There is nothing in the report to indicate where that comes from whether it is reliable. We have been through this during discovery. We have asked for collateral of [sic] crimes and evidence of whatever wrongs and acts and nothing like this was ever, ever brought up.
>
> Now suddenly, thrown into this fairly negative presentence report is not only unsupported by any facts but unsubstantiated in any way about prior assaults and behaviors. It is not even specific. I don't know what that is. I suspect maybe that it is not even true when there is not enough evidence to support that. I hope the

---

1. The presentence investigation report was not made a part of the record in this appeal but, according to defendant's brief, stated incorrectly that he had a " 'prior history of assaultive behavior.' "

Court would read that part with caution. Otherwise, I have no other comments.

The sentencing court did not address defendant's counsel's concerns about the alleged inaccuracies in the presentence investigation report. However, although defendant made a brief statement during the sentencing hearing,[2] he made no mention of nor did his counsel question him with regard to the contention that the report incorrectly stated that he had a history of assaultive behavior. At the conclusion of the sentencing hearing, the court, indicating that it had duly considered all matters before it with regard to the case[3] and specifically, the presentence investigation report, sentenced defendant to life in prison without the possibility of parole. Defendant did not directly appeal the sentencing order, which was entered December 16, 1994.

On April 13, 1995, defendant filed a motion for reduction in sentence, pursuant to *W. Va. R.Crim. P.* 35(b). Defendant's written motion stated that "the sentence imposed should be reduced because there are several factors involved in this case which demonstrate that the Court's refusal of the State's recommendation of mercy is inequitable, overly severe, and otherwise inappropriate, and that the sentence imposed is excessive." A hearing on defendant's motion was conducted on June 28, 1995, during which hearing defendant's counsel stated, in relevant part:

There are two basic grounds for the motion that's filed April 13th. One is, that we think there was some real inaccuracy in the pre-sentence report. It was raised at the first hearing.

Specifically, we refer to the language in the pre-sentence report, we can take another look at it, as well as that in the file, I believe, that describe and allege history of violent behavior on the part of [defendant] or history of assaults.

There is no basis for these remarks. [Defendant] had virtually no record at all before this crime. [Defendant] had not had a history of being involved in fights.

The second ground, the most important ground, is that we truly believe the sentence that was imposed originally was, which was contrary to the Prosecuting Attorney's recommendation, of course, was unduly harsh and excessive.

At the June 28, 1995 hearing, defendant expressed remorse for his crime and described his background, which included parents and stepparents who abused alcohol and drugs, resulting in defendant leaving home at a very young age. Two letters, one from defendant's mother and one from a friend, were also read into the record. *See* n. 3, *supra.*[4] By order entered July 31, 1995, the trial court denied defendant's motion for reduction in sentence. It is from this order that defendant now appeals.

## II.

■ A defendant has a due process right to be sentenced on the basis of accurate information. *Fox v. State,* 176 W.Va. 677, 682, 347 S.E.2d 197, 202 (1986). *See United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). It is defendant's contention that this case should be remanded for resentencing on the ground that the pre-

2. Defendant made the following statement during the sentencing hearing:

    Yes, Your Honor. I would like to say that I did a terrible, terrible thing. I take full responsibility for what I did. I feel sorry for the victim's family. I feel sorry for myself and for what I did. I took an innocent man's life from him. I wish I could take it back.

    Defendant's counsel did not question defendant nor did he call any other witnesses on defendant's behalf.

3. In addition to the presentence investigation report, the court indicated that it had received and reviewed letters written on defendant's behalf by defendant's mother and by a friend. It

appears that it was these letters, dated December 11 and December 13, 1994, respectively, which were later read into the record at the June 28, 1995 hearing on defendant's motion for reduction in sentence. *See* Discussion, *infra.*

4. Other than the letter from defendant's mother, which stated, *inter alia,* that " '[t]his is the first time Tracy has ever been trouble [sic] ever [,]' " defendant presented no evidence to support his contention that the presentence investigation report contained inaccurate information with regard to prior assaultive behavior by defendant. Moreover, the trial court did not respond to defendant's counsel's assertion that the report contained factual inaccuracies.

sentence investigation report contained inaccurate factual information on which the court improperly relied when it sentenced defendant to life in prison without the possibility of parole and that the court failed to comply with the mandatory requirements of *W. Va. R.Crim. P.* 32(c)(3)(D).

### A.

At the December 16, 1994 sentencing hearing, defendant's counsel alleged that the presentence investigation report erroneously stated that defendant had a history of violent behavior or assaults. As indicated above, the sentencing court failed to respond to or otherwise address defendant's counsel's contention that the report contained inaccurate information. In failing to address the factual inaccuracy alleged by defendant's counsel, the sentencing court violated the mandatory procedures set forth in *W. Va. R.Crim.P.* 32(c)(3)(D),[5] which provides:

> If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the West Virginia Board of Parole.

Under Rule 32(c)(3)(D), when a defendant alleges a factual inaccuracy in a presentence investigation report, the sentencing court is required to make written findings with regard to the alleged error or to make a written determination that such findings are unnecessary because the disputed information will not be relied upon in sentencing. *W. Va. R.Crim. P.* 32(c)(3)(D); *United States v. Lopez,* 907 F.2d 1096, 1101 (11th Cir.1990); *United States v. Turner,* 898 F.2d 705, 709

(9th Cir.), *cert. denied,* 495 U.S. 962, 110 S.Ct. 2574, 109 L.Ed.2d 756 (1990); *United States v. Rantz,* 862 F.2d 808, 813–14 (10th Cir.1988), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1554, 103 L.Ed.2d 857 (1989). These procedures are mandatory. *W. Va. R.Crim. P.* 32(c)(3)(D) ("[T]he court *shall,* as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." *Id.,* in relevant part (emphasis added)). *See United States v. Stout,* 882 F.2d 270, 272 (7th Cir.1989). *See also Duncil v. Kaufman,* 183 W.Va. 175, 181–82, 394 S.E.2d 870, 876–77 (1990) (Though prior void conviction included in defendant's presentence investigation report, sentencing judge was clearly informed that conviction had been invalidated and there was no showing that defendant's sentence was enhanced because of the void conviction. Furthermore, both the State and defendant's counsel agreed that defendant's prior conviction was void, which information was reflected in the presentence investigation report). *See Id.,* 183 W.Va. at 182 n. 6, 394 S.E.2d at 877 n. 6.

Rule 32(c)(3)(D) also mandates that the sentencing court attach its findings or determination to the presentence investigation report. *W. Va. R.Crim. P.* 32(c)(3)(D) ("A written record of such findings and determinations *shall* be appended to and accompany any copy of the presentence investigation report thereafter made available to the West Virginia Board of Parole." *Id.,* in relevant part (emphasis added)). Compliance with Rule 32(c)(3)(D) provides "a clear record of the disposition of controverted facts in the presentence report, which, in turn, reduces the likelihood that subsequent appellate or administrative decision will be made based on improper or incomplete information." *United States v. Bruckman,* 874 F.2d 57, 64 (1st Cir.1989); *See Rantz,* 862 F.2d at 814 (Rule 32(c)(3)(D) ensures "that subsequent recipients of the report are explicitly and specifically apprised of the court's basis for the sentence imposed."); *Stout,* 882 F.2d at

---

**5.** *W. Va. R.Crim. P.* 32(c)(3)(D) was amended effective January 1, 1996. This amendment does not affect this opinion, as this defendant was sentenced under the version in effect on December 16, 1994, the date of his sentencing.

272; *United States v. Miller*, 871 F.2d 488, 489 (4th Cir.1989).

■ Thus, pursuant to *W. Va. R.Crim. P.* 32(c)(3)(D), if the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the West Virginia Board of Parole. Both defendant and the State agree that the sentencing court failed to comply with the procedures set forth in Rule 32(c)(3)(D).

As indicated above, defendant did not directly appeal the December 16, 1994 sentencing order but timely filed a motion for reduction in sentence, pursuant to Rule 35(b).[6] Despite defendant's argument to the contrary, our careful review of the record in this case reveals that defendant failed to assert, either in his written motion for reduction in sentence or at the June 28, 1995 hearing thereon, that the court committed error in sentencing defendant because it failed to make written findings with regard to the alleged inaccuracy or to make a determination that such findings are unnecessary because the disputed information would not be considered in sentencing, as required by *W. Va. R.Crim.P.* 32(c)(3)(D).

As previously indicated, defendant's written motion for reduction in sentence, filed on April 13, 1995, stated, in full:

Comes now the defendant, Tracy John Craft, by counsel, pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, and hereby Moves the Court to reduce the sentence of life imprisonment without possibility of parole, imposed by the Court at the sentencing hearing held herein on December 16, 1994. The defendant avers that the sentence imposed should be reduced because there are several factors involved in this case which demonstrate that the Court's refusal of the State's recommendation of mercy is inequitable, overly severe, and otherwise inappropriate, and that the sentence imposed is excessive. The defendant further respectfully requests that this matter be set for hearing at the Court's earliest convenience, at which time evidence with respect to these matters may be presented to the Court.

Clearly, this motion in no way alerts the court of its failure to comply with *W. Va. R.Crim. P.* 32(c)(3)(D) prior to imposing sentence on defendant. Likewise, at the hearing on defendant's motion for reduction in sentence, defendant's counsel stated the following with regard to the alleged inaccuracy in the presentence investigation report:

There are two basic grounds for the motion that's filed April 13th. One is, that we think there was some real inaccuracy in the pre-sentence report. It was raised at the first hearing.

Specifically, we refer to the language in the pre-sentence report, we can take another look at it, as well as that in the file, I believe, that describe and allege history of violent behavior on the part of [defendant] or history of assaults.

There is no basis for these remarks. [Defendant] had virtually no record at all before this crime. [Defendant] had not had a history of being involved in fights.

---

**6.** *W. Va. R.Crim. P.* 35(b) provides:

**Rule 35. Correction or reduction of sentence.**

. . . .

(b) *Reduction of sentence.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court of Appeals denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

The second ground, the most important ground, is that we truly believe the sentence that was imposed originally was, which was contrary to the Prosecuting Attorney's recommendation, of course, was unduly harsh and excessive.

The record clearly reflects that defendant's counsel, at no time during the course of the hearing, referred to Rule 32(c)(3)(D) or to its requirements and thus never argued before the court below that it had committed error in sentencing defendant by failing to adhere to the rule. As we held in syllabus point two of *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996): "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." *See Id.*, 196 W.Va. at 216, 470 S.E.2d at 170. ("It must be emphasized that the contours for appeal are shaped at the circuit court level by setting forth with particularity and at the appropriate time the legal ground upon which the parties intend to rely.")

Though defendant now asserts that the court committed error in sentencing because it failed to comply with the requirements of *W. Va. R.Crim. P.* 32(c)(3)(D), defendant in no way articulated this issue, either in his written motion for reduction in sentence or at the hearing thereon, with sufficient distinctiveness to alert the circuit court to the nature of the claimed defect. *State ex rel. Cooper, supra.* Indeed, as stated above, defendant's "most important ground" for his motion for reduction in sentence was that it was "unduly harsh and excessive."

This Court has made clear in past cases that it will not review nonjurisdictional issues on appeal not previously considered by the lower court:

> ' " 'This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.' Syllabus Point 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958)." Syl. pt. 2, *Duquesne Light Co. v. State Tax Dept.*, 174 W.Va. 506, 327 S.E.2d 683 (1984), *cert. denied*, 471 U.S. 1029, 105 S.Ct. 2040, 85 L.Ed.2d 322 (1985).' Syl. pt. 2, *Crain v. Lightner*, 178 W.Va. 765, 364 S.E.2d 778 (1987).

Syl. pt. 7, *State v. Garrett*, 195 W.Va. 630, 466 S.E.2d 481 (1995).[7] Accordingly, defendant failed to preserve this error for appellate review.

### B.

Though defendant did not properly preserve the sentencing error about which he now complains, this Court nevertheless has discretionary authority to consider the issue under the "plain error" doctrine. *State v. Miller*, 194 W.Va. 3, 18, 459 S.E.2d 114, 129 (1995). *See W. Va. R.Crim. P.* 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.") *See also State v. Marple*, 197 W.Va. 47, 52, 475 S.E.2d 47, 52 (1996) ("We decide whether to exercise our discretion under plain error on a case-by-case basis, keeping in mind the general rule that we do not consider arguments raised for the first time on appeal."). As we held in syllabus point seven of *Miller, supra*, "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *See* syl. pt. 3, *Garrett, supra*.

---

7. Similarly, in his reply brief to this Court, defendant briefly argues that under *W.Va. R.Crim. P.* 35(a), " '[t]he [sentencing] court may correct an illegal sentence *at any time* ....' " *W.Va. R.Crim. P.* 35(a)("(a) *Correction of sentence.*—The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.") (emphasis provided).

Defendant filed a "motion for reduction in sentence" expressly under paragraph "b" of Rule

35. At no time during the proceedings below did he make a motion for correction of sentence under paragraph "a" of Rule 35 on the ground that the sentence is illegal or that it was imposed in an illegal manner. *W.Va. R.Crim. P.* 35(a). In that the lower court was not afforded the opportunity to decide this issue, this Court will not consider it on appeal. *See* syl. pt. 7, *Garrett, supra*.

■ Under the first inquiry of the "plain error" doctrine, the sentencing court, by failing either to make a finding with regard to the alleged inaccurate information or to make a determination that no such finding was necessary because the controverted information would not be relied upon in sentencing, violated *W. Va. R.Crim. P.* 32(c)(3)(D), *supra*, and thus, committed "error." Syl. pt. 7, *Miller, supra. See Id.*, 194 W.Va. at 18, 459 S.E.2d at 129 ("[D]eviation from a rule of law is error unless there is a waiver."). Moreover, the error by the sentencing court was "plain," syl. pt. 7, *Miller, supra*, "meaning nothing more than clear or obvious." *Marple*, 197 W.Va. at 53, 475 S.E.2d at 53. *See Id.* ("[A] 'plain' error is one that is clear and uncontroverted at the time of appeal.")

■ Under the third inquiry of the "plain error" doctrine, we must determine whether the sentencing court's failure to comply with Rule 32(c)(3)(D) before sentencing defendant affected defendant's substantial rights. Syl. pt. 7, *Miller, supra.* "Normally, to affect substantial rights means that the error was prejudicial. It must have affected the outcome of the proceedings in the circuit court." *Id.*, 194 W.Va. at 18, 459 S.E.2d at 129. *See Marple*, 197 W.Va. at 53, 475 S.E.2d at 53.

■ According to defendant, the presentence investigation report erroneously stated that he had a " 'prior history of assaultive behavior.' " We find that the court's failure to comply with *W. Va. R.Crim. P.* 32(c)(3)(D) with regard to this disputed piece of information did not affect the outcome of the sentencing proceedings below and thus, did not affect the substantial rights of this defendant.

Defendant admitted to deliberately following the victim out of a local bar and then stabbing him to death, describing his actions to police as follows:

> Well, when I snuck upon him, I heard a click and my knife was on my side and when I was getting ready to hit him in the back of the head, he got me here in the stomach,[8] (indicating) and I jumped back and moved in quick on him and hit him a few times in the face, then I hit him a few times, then he kept coming back and I kept hitting him, then I just ... approximately, I stabbed him four or five times, but then before I left, I hit him with his knife and he was down on the ground and then I had his knife, the blade wasn't open, and I hit him in his face with it, then I stomped him in his face with my foot.
>
> . . . .
>
> Q. When you struck him the last time with this knife, was that after the victim was already down on the ground.
>
> A. Yes, sir.[9]

(footnotes added). Defendant further admitted to taking various pieces of jewelry off the victim's body after he stabbed him.

The aggravated circumstances of defendant's crime in and of themselves clearly support the sentence imposed upon him. Accordingly, the fact that the court violated Rule 32(c)(3)(D) in originally sentencing defendant did not affect defendant's substantial rights [10] and thus, does not trigger application of the "plain error" doctrine.[11]

---

**8.** During the October 31, 1994 proceeding in which defendant entered his guilty plea and recounted the details of his crime, defendant made clear that although the victim had a lock blade knife in his possession at the time of the attack, he did *not* pull it on the defendant.

**9.** The above excerpt is from defendant's second statement to police, which he gave after providing false information in his first statement.

**10.** In that the inquiry regarding defendant's substantial rights resolves the plain error issue, we need not address the final inquiry of syllabus point seven of *Miller, supra*—that is, whether the error also "seriously affects the fairness, integrity, or public reputation of the judicial proceed-

ings." *Id. See Marple*, 197 W.Va. at 54, 475 S.E.2d at 54 (disposing of case upon resolution of third inquiry of syllabus point seven of *Miller* ).

**11.** Under the proper circumstances, this Court will not hesitate to remand a case for resentencing where the sentencing judge fails to either make a finding as to the defendant's allegation of a factual inaccuracy in a presentence investigation report or to make a determination that no such finding is necessary because the disputed information will not be considered in sentencing. *W. Va. R.Crim. P.* 32(c)(3)(D). Indeed, we are aware of federal court decisions which have remanded for resentencing those cases in which the sentencing judge has failed to adhere to Rule 32(c)(3)(D). In that many of these cases involve

### III.

For the reasons discussed above, the July 31, 1995 order of the Circuit Court of Kanawha County, denying defendant's motion for reduction in sentence, is affirmed.

Affirmed.

federal sentencing guidelines, the disputed factual information "can have a marked impact on the length of [a] sentence." *United States v. Lawrence,* 47 F.3d 1559, 1567 (11th Cir.1995). *See also U.S. v. Daniel,* 3 F.3d 775 (4th Cir.1993), *cert. denied,* 510 U.S. 1130, 114 S.Ct. 1101, 127 L.Ed.2d 413 (1994) (where alleged factual inaccuracy concerned heroin equivalency figure going to parole classification, the court ordered that sentencing court's determination be attached to presentence report, as required by Rule 32(c)(3)(D)); *United States v. Farnsworth,* 92 F.3d 1001 (10th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 596, 136 L.Ed.2d 524 (1996). Considering the egregious circumstances of this defendant's crime, and his plea of guilty to first degree murder, we are convinced that the mere mention of " 'prior history of assaultive behavior,' " whether accurate or not, contributed little to the sentence imposed.