[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2008
THOMAS K. KAHN
CLERK

No. 07-14234
Non-Argument Calendar

_____

D. C. Docket Nos. 06-02153-CV-BBM-1 & 05-00056 CR-1-1

RONUK R. GENGE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 30, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

On June 17, 2005, petitioner pled guilty pursuant to a plea agreement to

knowingly transporting and shipping in interstate commerce child pornography, in violation of 18 U.S.C. § 2252A(a)(1).[1] The district court sentenced him on September 7, 2005, to a prison term of 121 months, which was at the low end of the Sentencing Guidelines sentence range of 121 to 151 months,[2] and eight years of supervised release.[3] Petitioner did not object to his sentence; nor did he appeal it.[4]

On September 8, 2006, petitioner moved the district court pursuant to 28 U.S.C. § 2255 to vacate his sentence on the ground that the Government's recommendation as to the term of supervised release breached the plea agreement. The court denied his motion, concluding that under the plain error doctrine, the motion was due to be denied because, at the sentencing hearing, petitioner voiced no objection to the term of supervised release after the court imposed it. Petitioner filed a notice of appeal, and the district court issued a certificate of appealability ("COA") on one

---

[1] This was the fourth count of the indictment returned against petitioner. The other counts charged petitioner with using the internet to induce a minor to engage in criminal sexual activity, traveling in interstate commerce to have sex with a minor, and crossing a state line with intent to engage in a sexual act with a child under the age of 12.

[2] This was consistent with the parties' joint recommendation under the plea agreement.

[3] According to the presentence investigation report, the term of the Guidelines range for supervised release was two years to life. The parties' plea agreement did not address the issue of supervised release. At sentencing, the Government, in response to the court's inquiry as to an appropriate supervised release term, said that the term should be "far above the two [year term] which would be the guideline minimum . . . anything under ten years wouldn't be sufficient."

[4] The plea agreement, in paragraph 10, contained a limited sentence-appeal waiver which is not explicitly implicated in this appeal.

issue: whether the Government breached the plea agreement when it recommended a term of supervised release higher than the low end of the applicable Guidelines range.

Petitioner argues that pursuant to the plea agreement, he expected to receive zero years of supervised release because the term "guidelines range," as it was used in the agreement, included any applicable term of supervised release. He concedes that he did not object at sentencing to the alleged breach of the plea agreement, but argues that he is nevertheless permitted to raise the alleged breach in a § 2255 motion and that the plain error standard of review applies.

Procedural issues that must be resolved before we can address the underlying claim specified in a COA are presumed to be encompassed within the COA. McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). See also Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1258 (11th Cir. 2002) (explaining that where a COA is granted with respect to the merits of a constitutional claim, we assume that the COA encompasses any threshold procedural issues that must be addressed before reaching the merits, even if the COA is silent with respect to those threshold issues).

A defendant who fails to object at the trial court level to error he believes the court has committed or fails to raise such objection on appeal is procedurally

barred from presenting his objection in a motion subsequently filed under 22 U.S.C. § 2255 absent a showing of cause and prejudice or a fundamental miscarriage of justice. See United States v. Frady, 456 U.S. 152, 166-68, 102 S.Ct. 1584, 1593-94, 71 L.Ed.2d 816 (1982); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). We have applied the cause and prejudice standard to a § 2255 claim that the government breached the parties' plea agreement. See Martorana v. United States, 873 F.2d 283, 285 (11th Cir. 1989) (applying cause and prejudice standard where, despite having knowledge of the contents of the plea agreement, the defendant did not object at sentencing on the ground that the government breached the plea agreement). A prisoner collaterally attacking his conviction can establish cause "if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule . . . .'" Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)).

We cannot perceive how petitioner could show cause in this case, much less prejudice. When, during the sentencing hearing, the court asked the prosecutor if the Government had a recommendation regarding supervised release, the prosecutor told the court: "I don't believe [supervised release was] one of the things we discussed in the plea agreement." This obviously meant two things: (1)

4

the parties, in negotiating the plea agreement, did not discuss supervised release, and (2) the plea agreement therefore did not address the matter.

Contrary to what the prosecutor told the court, petitioner represents in his § 2255 motion that the plea agreement did address the matter of supervised release, and he asserts that the Government breached the agreement by not recommending a two-year term of supervised release, the term set at the low end of the Guidelines range. If petitioner and his attorney actually believed that the plea agreement required the Government to make that low-end recommendation, his attorney should have intervened immediately, taken issue with what the prosecutor had said, and informed the court that the Government was obligated to recommend a two-year term of supervised release. The attorney did not intervene, however, and when the court imposed an eight-year term voiced no objection at all.

Were we to remand the case to the district court so that petitioner could show cause why his attorney did not object to what the prosecutor told the court, what excuse could petitioner offer for counsel's failure to intervene? Petitioner has not claimed in his § 2255 motion that counsel's failure to intervene and challenge the prosecutor's statement, or failure to object to the eight-year term after the court imposed it, constituted ineffective assistance under the Sixth Amendment. And we cannot imagine that some objective factor external to the defense would cause

5

counsel to stand silent. In sum, there is no need to remand this case to permit petitioner to attempt to establish cause, and resulting prejudice, for counsel's silence or a miscarriage of justice. Petitioner's breach-of-the-plea agreement claim is procedurally defaulted. The court was therefore required to deny petitioner the § 2255 relief he seeks.

**AFFIRMED.**