# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-0347** (Ohio County 08-F-7)

**Andrew Rios,**
**Defendant Below, Petitioner**

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Andrew Rios, by counsel Stephen D. Herndon, appeals the order of the Circuit Court of Ohio County, entered on March 21, 2015, denying his motion for reduction of sentence filed pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia appears by counsel Shannon Frederick Kiser.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner entered a plea of guilty to first-degree robbery in violation of West Virginia Code § 61-2-12(a) on January 10, 2008, pursuant to an agreement with the State of West Virginia after having been charged by information.[1] During the plea colloquy, he admitted that he had picked up Derek Brown—an individual he had just met—some months earlier, driven Mr. Brown to a rural part of Ohio County, pulled his car over, and discharged a firearm three times (once just inches from his victim's face) while taking items from Mr. Brown. Petitioner acknowledged at his plea hearing that he understood that he could be sentenced to incarceration in the West Virginia State Penitentiary for a term of ten years to life.

The circuit court conducted a sentencing hearing the following month. Petitioner, then twenty-one years old, did not request sentencing as a youthful offender or commitment to the Anthony Center, but the probation officer specifically recommended that the circuit court forego alternative sentencing, including the commitment to the Anthony Center, based on the

---

[1] The State agreed not to pursue a second charge of first-degree robbery for an event occurring on the same date as the one described herein. It also agreed not to seek a gun specification. Because there was no gun enhancement, petitioner will be eligible for parole after serving fifteen years of his term.

1

seriousness of the crime. The court sentenced petitioner to incarceration in the state penitentiary for a term of sixty years. This Court refused petitioner's appeal in February of 2009.

After entry of the circuit court's sentencing order but prior to this Court's denial of his petition for appeal, petitioner sought modification of his sentence in May of 2008, asking that he be released from custody upon completion (which had not occurred at that time) of two bachelor's degree programs offered through the penitentiary system. The circuit court denied petitioner's motion by order entered on January 30, 2009. Petitioner filed a second motion for reduction of sentence on June 5, 2009, explaining that he had obtained life skills, anger management and stress management certificates; participated in moral recognition therapy; and was enrolled in an Ohio University program for which he was taking twenty credit hours of coursework with a greater-than 3.0 grade point average. The circuit court denied the motion by order entered on March 31, 2015. This appeal followed.

On appeal, petitioner asserts three assignments of error. First, he argues that the circuit court erred in denying both of his motions for reduction of sentence because the circuit court considered only the circumstances of petitioner's offense, and not subsequent events and circumstances. Second, he argues that the circuit court erred in not sentencing him as a youthful offender. Third, he argues that his sentence is excessive. The following standard of review was articulated in Syllabus Point 1 of *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996):

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

This Court also has held that:

> As a general rule, the sentence imposed by a trial court is not subject to appellate review. However, in cases . . . in which it is alleged that a sentencing court has imposed a penalty beyond the statutory limits or for impermissible reasons, appellate review is warranted. Syl. Pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982).

*State v. McClain,* 211 W.Va. 61, 64, 561 S.E.2d 783, 786 (2002). Furthermore, when sentencing determinations are at issue, we "review[] sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997). With these standards in mind, we proceed to consider petitioner's assignments of error.

Petitioner's appeal is made after the circuit court's denial of his most recent motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, which provides:

2

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Petitioner's first assignment of error is that the circuit court abused its discretion when denying the motion for reduction of his sentence because he completed certificate programs and pursued higher education while incarcerated.[2] Petitioner represented to the court that he was enrolled in college coursework, but there is no evidence of degree completion that would demonstrate a significant change in circumstances. Moreover, the certificates petitioner has earned represent progress contemplated in the normal course of institutional rehabilitation. Though petitioner's continued educational endeavors are commendable, those efforts are only a small part of the picture before the circuit court, and there is no evidence that the circuit court abused its discretion in denying petitioner's second motion for reduction of sentence on the evidence presented to it.

With respect to petitioner's second and third assignments of error (that the circuit court failed to sentence him as a youthful offender and that his sentence is unconstitutional insofar as it is not proportional to the character and degree of his offense), we note that no argument implicating these issues was presented to the circuit court in petitioner's motion for reduction of his sentence. We have explained, "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996) accord *State v. Craft*, 200 W. Va. 496, 502, 490 S.E.2d 315, 321 (1997). We clarified in *Craft* that this Court "will not review nonjurisdictional issues on appeal not previously considered by the lower court. . . ." *Craft*, 200 W.Va. at 502, 490 S.E.2d at 321 (citing Syl. pt. 7, *State v. Garrett*, 195 W.Va. 630, 466 S.E.2d 481 (1995)). Because the circuit court did not have an opportunity to assess these questions, we will not do so now.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED: May 20, 2016**

---

[2] Though petitioner refers to his earlier motion for reduction of sentence, we note that the denial of that motion is not before us, and we consider petitioner's arguments only as they relate to the denial of the motion for reduction of sentence that was filed on June 5, 2009, within 120 days after the entry of our mandate order confirming our refusal of petitioner's direct appeal.

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II


**DISSENTING:**

Chief Justice Menis E. Ketchum, dissenting

Mr. Rios, a twenty-year old first time offender, pled guilty to one count of first degree robbery. During his plea hearing, Mr. Rios admitted his crime, accepted responsibility for his actions, and told the court, "I humbly ask for your mercy in my sentencing and I promise that I will use the time wisely to rehabilitate myself, complete school, and return to society sober, wiser, and a whole man." The circuit court sentenced this twenty-year old, first time offender to an incarceration term of sixty years.

After being sentenced to sixty years in jail for pleading guilty to one offense, Mr. Rios filed a motion for a reduction of his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. According to Syllabus Point 5 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996):

> When considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp the role of the parole board, *it may consider matters beyond the filing period when such consideration serves the ends of justice.*

(Emphasis added).

In support of his motion for a reduced sentence, Mr. Rios demonstrated that he has made a number of significant steps toward rehabilitation. For instance, since being incarcerated Mr. Rios has obtained a college education, graduating from Ohio University with a 3.5 grade point average. Further, Mr. Rios has participated in and completed a number of programs offered by Mount Olive Correctional Center. These include the following: 1) residential substance abuse program, 2) crime victims awareness, 3) anger management; 4) ideas for better communication, 5) open gate, 6) cognitive skills II, 7) making decisions, 8) refusal skills, 9) building trust, 10) values and personal responsibility, 11) managing money, and 12) hygiene and self-care. The circuit court's order denying Mr. Rios' motion for a reduced sentence does not discuss these substantial steps Mr. Rios has taken to rehabilitate himself since being incarcerated.

4

Additionally, while not raised by his counsel during the sentencing hearing, Mr. Rios was eligible to be sentenced as a youthful offender pursuant to Syllabus Point 4 of *State v. Turley*, 177 W.Va. 69, 350 S.E.2d 696 (1986): "A person who has attained his or her sixteenth birthday but has not reached his or her twenty-first birthday at the time of the commission of the crime and who is convicted of or pleads guilty to aggravated robbery is eligible for suspension of sentence and commitment to a youthful offender center under W.Va.Code, 25–4–6 [1975]." The Legislature has stated that one of the goals of the youthful offender program is "to give better opportunity to young adult offenders for reformation and encouragement of self-discipline." W.Va. Code 25-4-1 [1999]. Mr. Rios is a young adult offender who has demonstrated his commitment to reformation and self-discipline by attaining a college degree and completing twelve programs offered by Mount Olive.

"Compassion is still an element of the law. The quality of mercy should not be strained on the facts before us." *People v. Monday*, 70 Mich.App. 518, 523, 245 N.W.2d 811, 814 (1976). "Sometimes we need to mix a little mercy with justice." *Lawyer Disciplinary Board v. Brown*, 223 W.Va. 554, 678 S.E.2d 60 (2009) (Justice Ketchum, dissenting). I believe this is a case in which the court needs to mix a little mercy with justice. Mr. Rios was twenty years old when he committed one offense. He had no prior adult convictions, nor did he have a juvenile record. Since his incarceration, Mr. Rios has earned a college degree and completed twelve programs offered by Mount Olive. He has demonstrated his commitment to rehabilitation and I believe his sixty-year sentence should have been reduced pursuant to his Rule 35(b) motion.

For the foregoing reasons, I respectfully dissent.