**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**State of West Virginia,**
**Plaintiff Below, Respondent**


**v.)  No. 23-224** (McDowell County CC-27-2022-F-36)

**Kobe Brown,**
**Defendant Below, Petitioner**


**MEMORANDUM DECISION**


Petitioner Kobe Brown appeals the Circuit Court of McDowell County's April 3, 2023, order sentencing him to life imprisonment without mercy after his guilty plea to first-degree murder.[1] On appeal, the petitioner presents two assignments of error, arguing that the court relied upon an impermissible factor at sentencing, and that his sentence violated his right to due process because it was based upon facts not in evidence. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

On September 20, 2021, the McDowell County 9-1-1 center received a call that the victim, Marcus Edwards, had been found dead in the Little Egypt area of Havaco and that the "word on the street" was that the petitioner killed Mr. Edwards. Officers arrived at the scene and found Mr. Edwards' burnt body with several spent gun shell casings nearby. Officers obtained surveillance video from an exterior camera on the petitioner's house, which showed Mr. Edwards on the petitioner's porch. The video also showed the petitioner and his codefendant, Raquel Adams, exiting the residence and chasing Mr. Edwards down a hillside while firing handguns at him. The petitioner returned to his residence to get an ATV and a gas can, and a "large fireball" was seen coming from the direction in which Mr. Edwards had fled. On September 21, 2021, Ms. Adams turned herself in to police and confessed that she and the petitioner killed Mr. Edwards. The petitioner was arrested the following day.

The petitioner was indicted for first-degree murder and felony conspiracy, and he agreed to plead guilty to first-degree murder in exchange for the State's recommendation of mercy and dismissal of the felony conspiracy charge. The State also agreed to dismiss several drug charges against the petitioner that were alleged in a different indictment from January 2021. During his plea colloquy, the petitioner stated that Mr. Edwards "came running at me like he had something in his hand and I shot him. [Ms. Adams] shot him." But the petitioner later claimed that he did not know whether he hit Mr. Edwards with any of the eight shots he fired. The petitioner stated Ms.

---

[1] The petitioner appears by counsel Timothy P. Lupardus; the State appears by counsel Patrick Morrisey, Attorney General; and Andrea Nease Proper, Deputy Attorney General.

Adams hit Mr. Edwards in the head with a shovel and used gasoline to set him on fire. The petitioner denied Ms. Adams' assertion that he threatened to kill her if she did not assist him in killing Mr. Edwards. The petitioner denied having a plan to kill Mr. Edwards. The petitioner stated that Mr. Edwards "was saying [Deputy] Dalton [Martin] was making him do stuff," and a police officer told him, "I heard Dalton and VanDyke saying what they was going to get [Mr. Edwards] to do to you." The petitioner continued, "[s]o by that time he done came up there tripping. He done went and telling everybody that he was going to do this to me . . . ." The court asked the petitioner if he had heard that Mr. Edwards "was maybe working with the police against you." The petitioner replied, "No. I wasn't worried about working with the police against me. For what? I was taking a plea." At the conclusion of the petitioner's plea hearing, the court set a date for sentencing.

At sentencing, the petitioner's counsel affirmed that he received the court's pre-sentence investigation report and offered no additions or corrections. The circuit court heard victim impact statements from members of Mr. Edwards' family, and the petitioner exercised his right of allocution. The petitioner's counsel offered that, although the petitioner denied drug use, "there was some evidence of drugs being involved in . . . the circumstances that led up to" the murder. The court agreed, stating, "he did have a drug indictment dismissed." The petitioner's counsel continued, "[t]hat's kind of what I'm saying. . . . It's not just an isolated event that kind of led up to this." Before imposing sentence, the court stated that it did not believe that Mr. Edwards "came up on [the petitioner]. I don't think [Mr. Edwards] threatened you in any way." The court also stated that "I don't think the decision to kill [Mr. Edwards] was Ms. Adams' decision. I think it was your decision," and noted that they both shot Mr. Edwards as he was running away. The court also stated its belief that the petitioner killed Mr. Edwards in retribution for his cooperation with law enforcement. The court continued, stating that the petitioner shot Mr. Edwards, "beat him with a shovel, ran over him, [and] set him on fire. Okay? That's cold, calculated, and malicious. . . . I'm going to show you the same mercy that you gave to [Mr. Edwards], which is none." The court then imposed a sentence of life imprisonment without mercy, and it is from the court's April 3, 2023, sentencing order that the petitioner appeals.

On appeal, the petitioner claims the circuit court erred by relying on an impermissible factor when it sentenced him. In particular, the petitioner argues that his sentence was based upon the court's "unsupported conjectures" that he murdered Mr. Edwards "in retribution for [his] participation with police as a drug informant or some kind of witness." Our analysis of this issue is guided by Syllabus Point 4 of *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982), which provides that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Impermissible factors include "race, sex, national origin, creed, religion, and socioeconomic status . . . ." *State v. Moles*, No. 18-0903, 2019 WL 5092415, at *2 (W. Va. Oct. 11, 2019) (memorandum decision) (citation omitted). The circuit court imposed the sentence of life imprisonment without the possibility of parole, which is within the limits specified by West Virginia Code §§ 61-2-2 and 62-3-15 for the petitioner's crime of first-degree murder. Further, the petitioner's claim that the court considered "unsupported conjectures" does not implicate an impermissible factor. Thus, appellate review is not available.

The petitioner also argues that the circuit court violated his due process rights by sentencing him based on "mere conjecture without evidence, that [the petitioner] had slain a police drug

informant who had turned over his stash to the authorities." This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). We recognize that "[a] defendant has a due process right to be sentenced on the basis of accurate information." *State v. Craft*, 200 W. Va. 496, 499, 490 S.E.2d 315, 318 (1997) (citing *Fox v. State*, 176 W. Va. 677, 682, 347 S.E.2d 197, 202 (1986)); *United States v. Tucker*, 404 U.S. 443, 447, 449 (1972) (holding that convictions obtained where a defendant was denied or did not validly waive the right to counsel constitute "misinformation of constitutional magnitude" and cannot later be used "either to support guilt or enhance punishment for another offense . . ."). The rationale underpinning *Tucker* is to prevent "[e]rosion of the *Gideon* principle" that it is "unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one." *Tucker*, 404 U.S. at 449 (quoting *Burgett v. Texas*, 389 U.S. 109 (1967)); *see Gideon v. Wainwright*, 372 U.S. 335 (1963) (holding that indigent criminal defendants have a right to appointed counsel). Considering this precedent, we cannot say that the petitioner's sentence was based on misinformation of constitutional magnitude. Although the petitioner argues that the circuit court's findings were not based on the record, he has not demonstrated that he was "sentenced on the basis of assumptions concerning his criminal record which were materially untrue." *Tucker*, 404 U.S. at 447 (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948)). The record reflects that the court considered all the circumstances of the crime in this case when imposing sentence, including the details related to the manner of Mr. Edwards' death. Thus, given the circumstances in this case, in which the court found that the petitioner shot Mr. Edwards, beat him with a shovel, ran over him, and set him on fire, we cannot say that the court abused its discretion when it imposed sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 22, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

3