CLARENCE F. EDWARDS, JR.

*v.*

BOBBY J. LEVERETTE, *Superintendent West Virginia*

*Penitentiary*

(No. 14127)

Decided February 20, 1979.

Rehearing Denied October 11, 1979.

Petitioner brought habeas corpus proceeding.

*Robert F. Cohen, Jr.,* for relator.

*Chauncey H. Browning,* Attorney General, *Paul T. Farrell,* Assistant Attorney General, for respondent.

CAPLAN, CHIEF JUSTICE:

In this original proceeding in habeas corpus the petitioner, Clarence F. Edwards, Jr., seeks release from a life sentence imposed upon him by the Circuit Court of Jefferson County as the result of a conviction for first degree murder. He was indicted at the September Term, 1974, of said court and was tried in October. Upon conviction by a jury a life sentence with a recommendation of mercy was imposed, the effective date thereof being July 16, 1974, the date of his arrest. An appeal was never perfected and subsequently, as a result of a petition for a writ of habeas corpus, the petitioner was resentenced. An appeal therefrom was refused.

The petitioner assigns the following grounds for relief:

(1) State's Instruction No. 4, given by the Court, deprived the relator of the presumption of innocence, allowing proof of material elements of the crime by use of a presumption;

(2) State's Instruction No. 13 allowed premeditation to be presumed from proof of intent;

(3) Erroneous instructions relating to the question of petitioner's sanity.

(4) The admission of a confesion allegedly made while petitioner lacked capacity to waive his constitutional right to remain silent; and

(5) The giving of State's Instruction No. 5 which inflamed the passions and sensibilities of the jury.

The petitioner complains here that State's Instruction No. 4 deprived him of the presumption of innocence be-

cause it permitted the State to prove the material elements of intent, malice, premeditation and deliberation by the use of presumption. That instruction read:

> The Court instructs the jury that a man is presumed to intend that which he does, or which is the immediate or necessary consequence of his act and if you believe from all the evidence beyond a reasonable doubt that the defendant, Clarence F. Edwards, Jr., with a deadly weapon in his possession, without any or upon very slight provocation, gave the deceased, William P. LaMarca, a mortal wound, then the defendant is prima facie guilty of wilfull, deliberate and premeditated killing, and unless the defendant proves extenuating circumstances, or the circumstances appear from the case made by the State, then he is guilty of murder in the first degree.

In several recent decisions by this Court the above instruction, or an instruction materially the same as the above, was disapproved and was held to constitute reversible error. It was held to be constitutionally impermissible because it permitted essential elements of the crime charged to be proved by use of a presumption; also, it required the defendant to go forward with proof to establish his innocence. This principle is established by the following language which served as a syllabus point in *State v. Sanders*, ____ W. Va. ____, 242 S.E. 2d 554 (1978); *Jones v. Warden, West Virginia Penitentiary*, ____ W. Va. ____, 241 S.E. 2d 914 (1978); and *State v. Pendry*, ____ W. Va. ____, 227 S.E. 2d 210 (1976):

> In a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged, and it is error for the court to instruct the jury in such a manner as to require it to accept a presumption as proof beyond a reasonable doubt of any material element of the crime with which the defendant is charged or as requiring the defendant either to introduce evi-

dence to rebut the presumption or to carry the burden of proving the contrary.

By reason of the strong factual situation tending to show guilt on the part of the petitioner it is tempting to apply the harmless-error rule and hold that the giving of such instruction, while erroneous, was harmless error. However, in view of the constitutional due process mandate long adhered to and succinctly set out in *In Re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), that the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged, we must resist that temptation and reject the harmless-error rule in this case.

Where, as here, the defendant's sanity is in issue, it becomes even more urgent to prove intent beyond a reasonable doubt—not by a presumption. Intent is not only a substantial element of the crime charged, it is an essential element. Without proof of intent the defendant cannot be found guilty. Roger J. Traynor, a former Chief Justice of the California Supreme Court, said in his recent work, *The Riddle of Harmless Error*, Ohio State University Press, 1970, "If an erroneous instruction relates to a substantial element of the appellant's case, an appellate court would not find it highly probable that the error did not influence the verdict."

We find this language persuasive and in consideration thereof, together with the principles expressed in *State v. Pendry, supra* and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975), we hold that the giving of Instruction No. 4 constituted reversible error of constitutional dimension and is a proper ground for relief in habeas corpus.

As a further ground for relief the petitioner asserts that State's Instruction No. 13, given by the court over objection, is erroneous and constitutes a violation of his right to due process of law. We do not agree with this assertion. While we do not approve the instruction, we are of the opinion that the objection thereto does not reach constitutional dimension and will therefore not

serve as a basis for relief in habeas corpus. Contrary to the contention of the petitioner, this instruction did not relieve the state from proving a necessary element of first degree murder. It told the jury that premeditation need not exist "for a particular length of time prior to the homicide." This has long been expressed as the law in this jurisdiction. *State v. Burdette*, 135 W. Va. 312, 63 S.E. 2d 69 (1951); *State v. Painter*, 135 W. Va. 109, 63 S.E. 2d 86 (1950); *State v. Farley*, 125 W. Va. 266, 23 S.E. 2d 616 (1942); *State v. Porter*, 98 W. Va. 390, 127 S.E. 386 (1925); *State v. Worley*, 82 W. Va. 350, 96 S.E. 56 (1918). Demonstrating the above principle of law is the following language of Syllabus No. 9 of *Porter, supra*: "It is well settled that, if intent to take life is executed after deliberation and premeditation, though but for a moment or an instant, the crime is murder in the first degree."

In the subject instruction the jury was told that premeditation must be proved "to make out a case of murder in the first degree". The deliberate manner in which this homicide was committed, as related by the petitioner, that is, he struck the deceased while still in the automobile, rendering him unconscious; he told the driver to stop, after which he pulled the victim from the car; he opened the trunk of the automobile and selected the death weapon; and then struck the victim several times, which blows resulted in his death. We believe that this instruction, while not defining premeditation, did not cause such element of the crime of first degree murder to be established by a presumption.

The petitioner next complains that he is entitled to relief in habeas corpus by reason of the instructions given by the court relating to the issue of his sanity. He asserts that such instructions do not fulfill the standards established in *State v. Grimm*, 156 W. Va. 615, 195 S.E. 2d 637 (1973). We agree that the instructions fall short of the standards set in *Grimm* but find that the objections do not raise a constitutional question; rather, they are cognizable only on appeal or writ of error.

Habeas corpus serves as a collateral attack upon a conviction under the claim that the conviction was obtained in violation of the state or federal constitution. While our legislature, through the enactment of *W. Va. Code,* 1931, 53-4A-1 through 11, as amended, has provided a broad and effective post-conviction review, we still maintain a distinction, so far as post-conviction remedy is concerned, between plain error in a trial and error of constitutional dimensions. Only the latter can be a proper subject of a habeas corpus proceeding. As succinctly expressed in Point No. 4 of the Syllabus of *State ex rel. McMannis v. Mohn,* ___ W. Va. ___, ___ S.E.2d ___ (decided January 30, 1979): "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." See *Pyles v. Boles,* 148 W. Va. 465, 135 S.E.2d 692 (1964), cert. denied, 379 U.S. 864, 13 L. Ed. 2d 67, 85 S. Ct. 130 (1964); *State ex rel. Housden v. Adams,* 143 W. Va. 601, 103 S.E.2d 873 (1958); and, *State ex rel. Browning v. Tucker,* 142 W. Va. 830, 98 S.E. 2d 740 (1957).

The petitioner admittedly was not deprived of procedural due process. He had an opportunity to be heard and to present a defense on the issue of insanity. That an erroneous instruction was given cannot be considered to constitute a deprivation of substantive due process, unless such error rises to constitutional proportions. Here, it did not and the relief must be denied on that ground.

While we are in agreement with the petitioner that State's Instructions Nos. 6 and 7, relating to a presumption of sanity and burden of proof, were erroneous, we reiterate that such errors do not rise to a constitutional level and will not serve as a basis for relief in habeas corpus. Inasmuch as this petitioner, under the expanded statutory post-conviction review procedures alluded to above, should be tried again, we deem it advisable to comment further on this issue.

There exists in the trial of an accused a presumption of sanity. However, should said accused offer evidence

that he was insane, the presumption of sanity disappears and the burden of on the prosecution to prove beyond a reasonable doubt that the defendant was sane at the time of the offense. Our research reveals that this is clearly the majority view.

As long ago as 1895, the Supreme Court, in *Davis v. United States,* 160 U.S. 469, 40 L. Ed. 499, 16 S. Ct. 353, said in relation to the presumption of sanity: "But to hold that such presumption must absolutely control the jury until it is overthrown or impaired by evidence sufficient to establish the fact of insanity beyond all reasonable doubt or to the reasonable satisfaction of the jury, is in effect to require him to establish his innocence, by proving that he is not guilty of the crime charged." See *United States v. McCracken,* 488 F. 2d 406 (5th Cir. 1974); *Mason v. United States,* 402 F. 2d 732 (8th Cir. 1968); *Webber v. United States,* 395 F. 2d 397 (10th Cir. 1968); *Hall v. United States,* 295 F. 2d 26 (4th Cir. 1961); *Commonwealth v. Demmitt,* 456 Pa. 475, 321 A. 2d 627 (1974); *Dolchok v. State,* 519 P. 2d 457 (Alaska 1974); *State v. Dubina,* 164 Conn. 95, 318 A. 2d 95 (1972). See also 10 SUFFOLK UNIVERSITY L. REV. 1037 et seq.

The view expressed in the foregoing decisions in relation to the burden of proof and burden of persuasion in cases wherein the issue of insanity is raised shall henceforth be adhered to in this jurisdiction. We approve the following language used in *Collins v. State of Tennessee,* 506 S.W.2d 179 (Tenn. 1973) and recommend the guidelines set forth therein:

> "When an accused is relying upon the defense of insanity at the time of the crime charged, the jury should be instructed (1) that there is a presumption the accused was sane at that time, (2) that the burden is upon him to show that he was then insane, (3) that if any evidence was introduced by him or by the State fairly raising doubt upon the issue of his sanity at that time, the presumption of sanity ceases to exist, (4) that the State then has the burden to establish the sanity

of the accused beyond a reasonable doubt, and (5) that if the whole proof upon that issue leaves the jury with a reasonable doubt as to the defendant's sanity at that time the jury must accord him the benefit of that doubt and acquit him."

Finally, the petitioner asserts that State's Instruction No. 5, which described the manner in which the defendant killed the deceased, improperly flamed the passions and sensibilities of the jury. This instruction was clearly based upon evidence vividly presented to the jury. Even if this were an improper instruction, the remedy to test its propriety would be appeal or writ of error, not habeas corpus. No constitutional issue is raised.

It is therefore the judgment of this Court that the petitioner is entitled to be discharged from custody, but such discharge is stayed for a period of thirty days in order to give the State an opportunity to take further proceedings against him under Indictment No. 74-66 in a constitutionally permissible manner.

*Prisoner discharged; discharge stayed for a period of thirty days to permit the State to proceed against him under Indictment No. 74-66 in a constitutionally permissible manner.*