# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Marvin Plumley, Warden, Huttonsville**
**Correctional Center,**
**Respondent Below, Respondent**

**FILED**

November 20, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No**. **15-0018** (Ohio County 10-C-139)

**William Laval Mayfield,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner and respondent below Marvin Plumley, Warden, Huttonsville Correctional Center ("the State"), by counsel David Stackpole, appeals the December 9, 2014, order of the Circuit Court of Ohio County that granted the amended petition for writ of habeas corpus subjiciendum filed by respondent and petitioner below William Laval Mayfield, who had been convicted of one count of battery on a police officer, second offense. Respondent, by counsel Robert G. McCoid, filed a response. The State submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 4, 2008, Wheeling Police Department Patrolmen Scott Barger and Brian Hails responded to a call at an apartment complex in the North Park area of Ohio County, where they observed two females, Ebony Gray and Santesha Nightengale, fighting on the floor. The officers also observed respondent, who was Ms. Nightengale's boyfriend, bending over the women, yelling, and trying to break up the scuffle. Officer Barger testified that as he attempted to pull Ms. Gray off of Ms. Nightengale, respondent, who was standing to the left of the doorway, "put his hands on my chest and shoved me away and told me: We don't need you here; I have this under control." Officer Barger told respondent repeatedly to "get out of our way, allow us to do what we needed to do." As Officer Hails pulled Ms. Gray off of Ms. Nightengale and began to escort her down the hallway, away from the scene, petitioner ran after them, put his arm between the officer and Ms. Gray, and shoved Officer Hails against the wall, away from Ms. Gray. Ms. Gray then ran back down the hallway and attacked Ms. Nightengale again. Officer Hails arrested respondent while Officer Barger broke up the second fight between the women and arrested Ms. Gray. It is undisputed that neither officer was injured.

1

The officers arrested respondent and charged him with the misdemeanor offense of obstructing an officer. That charge was thereafter dismissed in magistrate court upon motion by the prosecuting attorney. Nineteen days later, respondent was charged with two felony counts of battery on a police officer, second offense.[1]

Trial began on July 14, 2008. On the morning thereof, the State made an oral motion in limine to preclude respondent from introducing evidence of the fact that he was originally charged with the misdemeanor offense of obstructing an officer. Respondent vigorously objected; however, the court overruled respondent's objection and granted the State's motion.[2]

The jury found respondent guilty on one of the two counts of battery upon a police officer. An identity trial was subsequently held for the purposes of the State's recidivist pleading, wherein a second jury determined respondent to be the same person previously convicted of the felony offenses of wanton endangerment involving a firearm and possession with intent to deliver a Schedule I controlled substance. Respondent was sentenced to life in prison.

Respondent's direct appeal of his conviction was refused by this Court by order entered September 9, 2009.

On July 18, 2014, respondent filed an amended petition for writ of habeas corpus subjiciendum. Respondent's petition was granted by order entered December 9, 2014, in which the habeas court held that the trial court (1) denied respondent the right to meaningfully confront his accusers by prohibiting him from impeaching the officers with evidence that they had

---

[1] The habeas court found that, following respondent's indictment, counsel for the State approached respondent's counsel and advised him that

> if [respondent] agreed to plead guilty to attempted murder in an unrelated matter, the State would desist in prosecuting [respondent] for battery on a police officer. [The Wheeling Police Department] suspected that [respondent] was involved in an unrelated shooting, but it lacked the evidence to pursue the charge, and, to date, no one has been charged in connection with that shooting. [Respondent] declined the State's offer.

[2] Additionally, prior to trial, respondent moved to bifurcate the issue of proof of the instant offense from the proof of the status offense. Respondent's motion was granted. Thereafter, the State filed a notice of intent to introduce evidence of respondent's "prior bad acts," pursuant to West Virginia Rule of Evidence 404(b). At a subsequent hearing, the State advised the trial court that it intended to introduce evidence that respondent battered a Wheeling police officer on October 15, 2006, to which respondent objected. The trial court deferred its ruling and, following the officers' trial testimony, the trial court granted the State's request to present 404(b) evidence. After evidence of respondent's prior battery upon a police officer was presented, and again at the close of all the evidence, the trial court gave a limiting instruction. Thereafter, while the jury was deliberating, respondent admitted (out of the presence of the jury) that he was the person previously convicted of battery of a police officer, first offense, and so testified.

initially charged him with the relatively minor misdemeanor offense of obstructing an officer, and (2) improperly allowed the 404(b) evidence. *See* n.2, *supra*.[3] The habeas court thus vacated respondent's conviction for battery on a police officer, second offense, and his subsequent conviction as a lifetime habitual offender. Respondent was awarded a new trial. It is from this order that the State now appeals.

This Court reviews the habeas court's order granting respondent's request for habeas relief under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

The State argues that the habeas court erred in concluding that respondent's constitutional right to confront the witnesses against him was violated when he was foreclosed from cross-examining the complaining officers as to their decision to charge him with the misdemeanor offense of obstruction of an officer. As indicated above, the obstruction charge was dismissed upon a motion by the prosecuting attorney and, nineteen days later, respondent was charged with two felony counts of battery on a police officer, second offense. It is undisputed that no new facts had come to light between the initial arrest for obstructing and the time respondent was charged with battery. The habeas court concluded that the trial court "hamstrung [respondent] from exploring on cross-examination why the officers apparently did not regard [the officers'] conduct as being 'insulting and provoking' on the heels of their arrest of him for the offense of obstructing a police officer but evidently concluded later that it was."[4] The habeas court further found that the trial court barred "meaningful cross-examination on the issue comprising the very heart of the State's case," that such cross-examination could have permitted the jury to "assess[] the credibility of the arresting officers through their answers and demeanor when pointedly asked by trial counsel why they elected not to charge [respondent] with battery on an officer, second

---

[3] On appeal, the State argues that it was error for the habeas court to conclude that the trial court improperly admitted the 404(b) evidence regarding respondent's prior battery on a police officer. Given that we affirm the habeas court's order on the ground that the trial court violated respondent's constitutional rights under the Confrontation Clause, and the court's conclusion that "[v]acation of [respondent's] conviction on this basis alone is required[,]" we need not address the State's 404(b) argument.

[4] The indictment charged respondent with two counts of battery on a police officer, second offense, alleging that, "by feloniously, knowingly, intentionally and unlawfully making *physical contact of an insulting or provoking nature* with" Officers Barger and Hails "*or* feloniously, knowingly, unlawfully and intentionally *causing physical harm* to" Officers Barger and Hails while they were acting in their official capacities. (Emphasis added). The indictment further alleges that respondent was previously convicted of such offense on January 5, 2007, in the Magistrate Court of Ohio County. *See* W.Va. Code § 61-2-10b(c).

3

offense, when it was within their discretion to do so[,]" and that this was "a serious error of constitutional magnitude."

The State argues that the habeas court wrongfully assumed that the officers changed their minds with regard to whether respondent's conduct was "insulting or provoking" and that it was the prosecuting attorney, acting within his discretion, who directed that the felony charges be filed. The State further argues that cross-examination on the issue would not have been permitted in any event because neither the obstructing charge nor the battery charge were covered on direct examination. Finally, the State argues, any error in denying petitioner the right to cross-examine the officers on the obstructing charge was harmless because it did not have any prejudicial impact on the jury verdict. To the contrary, the State contends that it would have adversely impacted the *State's* case because such questioning would have encouraged the jury to second-guess the prosecutor's decision and infringe upon the same.

> "The Confrontation Clause contained in the Sixth Amendment to the United States Constitution provides: 'In all criminal prosecutions, the accused shall . . . be confronted with the witnesses against him.' This clause was made applicable to the states through the Fourteenth Amendment to the United States Constitution." Syl. Pt. 1, *State v. James Edward S.,* 184 W.Va. 408, 400 S.E.2d 843 (1990), *overruled on other grounds by*, *State v. Mechling*, 219 W.Va. 366, 633 S.E.2d 311 (2006).

Syl. Pt. 2, *State v. Kaufman*, 227 W.Va. 537, 711 S.E.2d 607 (2011). Furthermore, "[a]n essential purpose of the Confrontation Clause is to ensure an opportunity for cross-examination. In exercising this right, an accused may cross-examine a witness to reveal possible biases, prejudices, or motives." Syl. Pt 1, in part, *State v. Mason*, 194 W.Va. 221, 460 S.E.2d 36 (1995), *overruled on other grounds by State v. Mechling*, 219 W.Va. 366, 633 S.E.2d 311 (2006).

We find no error in the habeas court's conclusion that respondent's constitutional right to confront his accusers was violated. The officers were not only the key witnesses against respondent, they were also the victims of the alleged battery. As such, the credibility of their testimony was critical to the State's case. At trial, the officers conceded that they were not injured as a result of respondent's actions and that respondent was trying to help and protect Ms. Nightengale, who was pregnant with his child. At the time of the incident at issue, the officers, in their discretion, determined that respondent had committed the relatively minor offense of obstructing an officer.[5] It is undisputed that no new facts were discovered between the time the obstructing charge was dismissed and the time respondent was charged with battery on an officer, second offense. Given this fact, respondent was entitled to impeach the officers with

---

[5] West Virginia Code § 61-5-17(a), in pertinent part, which defines the offense of obstructing an officer, provides that "[a] person who by threats, menaces, acts or otherwise, forcibly or illegally hinders or obstructs, or attempts to hinder or obstruct, a law enforcement officer, probation officer or parole officer acting in his or her official capacity is guilty of a misdemeanor" and subject to a fine of not less than $50 nor more than $500, or one year in jail, or both.

4

evidence of their decision, at the time of the altercation, to charge respondent with a much lesser offense. This line of questioning would have been particularly significant given that the battery charge was determined by the sentencing court to be a violent crime that carried capital sentencing implications for respondent; as a result of respondent's conviction, he received a life sentence under the recidivist statutes.

"'Errors involving deprivation of constitutional rights will be regarded as harmless only if there is no reasonable possibility that the violation contributed to the conviction.' Syl. Pt. 20, *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974)." Syl. Pt. 5, *State v. Lambert*, 232 W.Va. 104, 750 S.E.2d 657 (2013). For the reasons previously stated, the importance of the officers' testimony to respondent's case cannot be understated. Thus, the trial court's error in disallowing cross-examination on their decision to charge respondent with a misdemeanor was not harmless. Furthermore, although the State avers that its case would have been unfairly prejudiced by the admission of such evidence, we disagree. Rather, allowing the jury to consider the officers' testimony in this regard would have afforded the jury the opportunity to fully assess the credibility of the officers, within whose discretion the initial charging decision was made, and would not have infringed upon the prosecuting attorney's decision to charge respondent with battery.

Finally, the State argues that cross-examination of the officers with regard to the obstructing charge would not have been permitted because no information regarding this charge was elicited on direct examination. This argument is without merit. This Court has stated that "'cross-examination to impeach is not, in general, limited to matters brought out on the direct examination.'" *State v. Foster,* 171 W.Va. 479, 482-83, 300 S.E.2d 291, 295 (1983) (quoting *McCormick on Evidence* § 37, at 49 (E. Cleary 3d ed. 1984)). Indeed, "[t]he right to an effective cross-examination is an integral part of the confrontation clause of the Sixth Amendment to the United States Constitution, *Snyder v. Coiner,* 510 F.2d 224 (4th Cir.1975), and this right does not yield to a Rhadamanthine application of court rules governing order of proof." *Foster*, 171 W.Va. at 483, 300 S.E.2d at 295.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum

5

**DISSENTING AND WRITING SEPARATELY:**

Justice Allen H. Loughry II

Loughry, Justice:

I dissent to this memorandum decision because the circuit court granted the petition for habeas corpus based on rulings of the trial court that were wholly discretionary evidentiary rulings. Although I do not believe the trial court abused its discretion,[6] even if the rulings had been in error, they certainly would not constitute constitutional error warranting habeas corpus relief.

Fundamental to our system of jurisprudence is that post-conviction habeas corpus relief is only granted for error violating a criminal defendant's constitutional rights. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979); *accord Edwards v. Leverette*, 163 W.Va. 571, 576, 258 S.E.2d 436, 439 (1979) (recognizing that only error of "constitutional dimensions" is proper subject of habeas proceeding; trial error is not cognizable in habeas). "Absent 'circumstances impugning fundamental fairness or infringing specific constitutional protections,' admissibility of evidence does not present a state or federal constitutional question. *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir.1960)." *Hatcher v. McBride*, 221 W.Va. 5, 11, 650 S.E.2d 104, 110 (2006).[7]

In the case at bar, the circuit court granted habeas relief on two separate grounds: the trial court's *in limine* ruling excluding information about the initial criminal complaint against the respondent, and the trial court's admission of 404(b) evidence[8] concerning the respondent's prior conviction for battery on a police officer. Although the majority of this Court has chosen to address only the "initial complaint" issue in the memorandum decision, neither of these grounds warrant the circuit court's award of habeas relief to the respondent.

---

[6]These same issues were raised in the respondent's direct criminal appeal, which this Court considered and unanimously refused six years ago. *State v. Mayfield*, No. 090897 (refusal order entered Nov. 9, 2009).

[7]Moreover, even when evidentiary rulings are raised in a direct criminal appeal, they are subject to an abuse of discretion standard of review. *See* Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998) ("A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard."); Syl. Pt. 4, *State v. Carduff*, 142 W.Va. 18, 93 S.E.2d 502 (1956) ("The extent of the cross-examination of a witness is a matter within the sound discretion of the trial court; and in the exercise of such discretion, in excluding or permitting questions on cross-examination, its action is not reviewable except in case of manifest abuse or injustice.").

[8]*See* W.Va. R. Evid. 404(b).

**The Initial Criminal Complaint**

The police officers initially charged the respondent in magistrate court with misdemeanor obstruction of a police officer. *See* W.Va. Code § 62-1-1 (2014) (providing for filing of complaint in magistrate court). However, the State explains that after reviewing what happened in this matter,[9] and upon considering the respondent's prior conviction for battery on a police officer, the prosecuting attorney directed that the charges be changed to two counts of felony second offense battery on a police officer. More importantly, the grand jury thereafter indicted the respondent for two counts of second offense battery on a police officer. Thus, the indictment became the formal charging instrument against the respondent. *See* W.Va. Code § 62-2-1 (2014) (felony trial shall be by indictment); W.Va. Const. art. III, § 4 (2013) (decision to indict rests with grand jury).

During the criminal trial, the respondent's counsel argued that he should be permitted to cross-examine the police officers about the initial, but dismissed, criminal complaint because it would show the officers' "mindset." However, because the question of whether the officers had been battered was the ultimate issue to be determined at trial, and because the grand jury found probable cause to indict the respondent for battery of the officers, the trial court refused to allow this limited area of cross-examination. Nonetheless, the respondent's counsel was permitted to fully cross-examine the police officers regarding what happened during the events in question.

The habeas circuit court, and now a majority of this Court, concluded that the trial court violated the respondent's constitutional right of confrontation by prohibiting cross-examination of the police officers about the initial complaint. The majority reasons that this inquiry would have shed light on the officers' credibility, but this reasoning makes little sense. The police officers did not decide to upgrade the charges, rather, the prosecutor made that decision—and the grand jury indicted the respondent on these crimes. Importantly, there was nothing preventing the respondent's counsel from thoroughly cross-examining the officers about the events in question and the officers' perception of those events. The trial court only limited the respondent from eliciting that he had previously been charged with a different crime. Whether the respondent committed the crime charged in the indictment was for the jury to decide. The trial court simply made an evidentiary ruling regarding the extent of cross-examination. Such evidentiary rulings are not cognizable in habeas.

**404(b) Evidence of Prior Conviction**

The habeas circuit court's other basis for granting relief was the trial court's admission, pursuant to Rule 404(b) of the Rules of Evidence, of evidence regarding the respondent's prior conviction for battery on a police officer. Although the majority of this Court has declined to even address this issue, my review convinces me that this also pertains to a discretionary evidentiary ruling not cognizable in habeas.

---

[9]According to the police officers, the respondent shoved Officer Barger and then ran down a hallway and shoved Officer Hails against a wall.

The respondent was indicted for second offense battery of a police officer. Complying with the directive of *State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177 (2003), which set forth the law in effect at the time, the trial court bifurcated the trial with regard to the jury's decision on whether the respondent was convicted of the first offense.[10] Nonetheless, the trial court found that the respondent's conduct leading to that first conviction was admissible in the first phase of this trial under Rule 404(b) to show intent, motive, and knowledge. The trial court also ruled that the probative value of this evidence was not substantially outweighed by its potential for unfair prejudice. *See* W.Va. R. Evid. 403. The jury received a limiting instruction regarding the proper use of 404(b) evidence.

The habeas circuit court reasoned that because *McCraine* mandated bifurcation of the jury's decision about the existence of the respondent's prior conviction, it was significantly prejudicial to admit evidence regarding that prior offense under Rule 404(b). The habeas circuit court's rationale was based entirely on the bifurcation directive in *McCraine*. However, two weeks before the circuit court entered its habeas order, this Court overruled *McCraine* in syllabus point six of *State v. Herbert*, 234 W.Va. 576, ___, 767 S.E.2d 471, 474 (2014). In *Herbert*, we held that when a prior conviction merely enhances the penalty of the offense currently charged, and the defendant does not stipulate to his prior conviction, the decision of whether to bifurcate these issues rests within the trial court's discretion. *Id.*[11] In other words, this Court does not believe that information about a prior conviction is so significantly prejudicial as to mandate bifurcation in every case. If this type of evidence is not so prejudicial as to require mandatory bifurcation, then I cannot conclude that it would be so fundamentally unfair as to rise to the level of a constitutional violation cognizable in habeas.

Because habeas corpus relief was not warranted in this matter, I respectfully dissent.

---

[10]Due to the bifurcation, the trial court's plan was that if the jury found the respondent guilty of battery on an officer in the first phase of the trial, a second phase of the trial would then be held where the jury would consider whether the respondent was previously convicted of this same offense. However, while the jury was deliberating in the first phase, the respondent stipulated to his prior conviction for battery on a police officer. Thus, the second phase became unnecessary.

[11]Although I dissented to a different portion of Justice Ketchum's opinion in *Herbert*, I supported the holding on the bifurcation issue.