**STATE OF WEST VIRGINIA**

**Raymond Richardson,**
**Petitioner Below, Petitioner**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 18-0999** (Kanawha County 17-P-382)

**Donnie Ames, Superintendent**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Raymond Richardson, by counsel Matthew A. Victor, Esq., appeals the October 23, 2018, order of the Circuit Court of Kanawha County denying his Amended Petition for Writ of Habeas Corpus. Respondent Donnie Ames, Superintendent, Mount Olive Correctional Complex,[1] by Holly M. Flanigan, Esq., responded in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

We have described Petitioner's underlying convictions as follows:

> During the early morning hours of August 24, 2013, the petitioner attacked the sixty-one-year-old victim in her home. The petitioner was in the victim's home for the purpose of selling her cocaine. Following an argument regarding the quality and price of the cocaine, the petitioner punched the victim in the face and stole $103 in cash from the victim. The petitioner was found guilty of the following three felony offenses after a jury trial: first degree

---

[1] Mr. Ralph Terry was Superintendent of Mount Olive Correctional Complex when petitioner filed his appeal. Mr. Ames has since become Superintendent of that institution.

> robbery, assault during the commission of a felony, and possession
> with intent to deliver cocaine.

*State v. Richardson*, No. 17-0850, 2018 WL 1225535, at *1 (W. Va. Mar. 9, 2018) ("*Richardson II*") (internal note omitted). The circuit court sentenced petitioner to "a term of one hundred years for robbery, an indeterminate term of two to ten years for assault during the commission of a felony, and an indeterminate term of one to fifteen years for possession with intent to deliver. The sentences were ordered to be served consecutively." *Id*.

Petitioner appealed his conviction and sentence. *State v. Richardson*, 2016 WL 5030312 (W. Va. Sept. 16, 2016) ("*Richardson I*"). He assigned three errors to the trial court. *Id*. at *1. First, he argued that the circuit court failed to instruct the jury that assault during the commission of a felony requires the use of a weapon. Second, petitioner argued that the State had failed to presented sufficient evidence that petitioner had committed an unlawful taking, an element of first degree robbery. And, third, petitioner argued that the 100 year sentence for his first degree robbery sentence was disproportionate to the crime and shocked the conscience. *Id*. at *3. We affirmed petitioner's convictions by memorandum decision in September 2016. *Id*. at *5

Petitioner next filed a motion with the circuit court under Rule 35(a) of the West Virginia Rules of Criminal Procedure, providing for the correction of an illegal sentence. *Richardson II* at *1. The circuit court denied the motion and petitioner appealed to this Court. *Id*. at *2. In March 2018, we affirmed the circuit court's order by memorandum decision. *Id*. at *3

Petitioner filed a petition for writ of habeas corpus in October 2017. The circuit court appointed counsel for petitioner. Counsel then filed an amended petition and, later, supplements to the petition. The circuit conducted an omnibus hearing in August 2018 at which petitioner and his trial counsel testified. On October 23, 2018, the circuit court entered a 61-page order in which it denied the petition for habeas corpus. That order contained 158 findings of fact, 157 conclusions of law, and 259 footnotes. Petitioner appeals from that order.

"Findings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong." Syl. Pt. 1, *State ex rel. Postelwaite v. Bechtold,* 158 W.Va. 479, 212 S.E.2d 69 (1975), *cert. denied* 424 U.S. 909 (1976). "The Court has also indicated that a circuit court's final order and ultimate disposition are reviewed under the abuse of discretion standard, and that conclusions of law are reviewed *de novo*." *State ex rel. Justice v. Trent*, 209 W. Va. 614, 617, 550 S.E.2d 404, 407 (2001) (citing *State ex rel. Hechler v. Christian Action Network*, 201 W.Va. 71, 491 S.E.2d 618 (1997)).

On appeal, Petitioner raises eleven assignments of error that are identical to the arguments he made before the habeas court. He does not challenge the circuit court's findings of fact as "clearly wrong," nor does he offer any particular arguments as to why the circuit court's conclusions of law are erroneous. Our review of the record on appeal, the parties' argument, and the circuit court's order lead us to the conclusion that the circuit court did not abuse its discretion when it denied petitioner habeas relief.

"'A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed.' Point 4, Syllabus, *State ex rel.*

*McMannis v. Mohn*, [163] W.Va. [129], 254 S.E.2d 805 (1979)." Syl. Pt. 2, *Edwards v. Leverette*, 163 W. Va. 571, 258 S.E.2d 436 (1979). Petitioner raises several, "plain" trial errors that do not involve alleged constitutional violations, *e.g.*, his fourth assignment of error in which he asserts that "[u]nder the plain error analysis, the Trial court erred by admitting unduly prejudicial West Virginia Rules of Evidence, 404(b) evidence." Those alleged plain errors are not subject to review in habeas corpus because, "so far as post-conviction remedy is concerned, between plain error in a trial and error of constitutional dimensions[, o]nly the latter can be a proper subject of a habeas corpus proceeding." *Id*. at 576, 258 S.E.2d at 439.[2]

Additionally, several of the alleged errors raised by petitioner are subject to res judicata or collateral estoppel. Specifically, this Court has already found that petitioner's 100-year sentence for first degree robbery violated neither statutory nor constitutional limits. *See Richardson I* at *4-*5. So, Petitioner cannot raise that exact question, again, on habeas. *State v. Miller*, 194 W. Va. 3, 9, 459 S.E.2d 114, 120 (1995) ("*Res judicata* generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided . . . .").

Likewise, petitioner now argues, as he did in his direct appeal, that the State did not offer sufficient evidence that he committed an unlawful taking, an element of first degree robbery, because the victim made inconsistent statements regarding cash removed from her apartment. But, as we said in *Richardson I*,

> the jury determined that the victim's testimony was worthy of belief despite her inconsistent statements. The victim explained why she initially lied to the police. She was embarrassed and ashamed that she had a drug problem and did not want her family and the police— some of whom were her customers—to know about the incident. In spite of her inconsistent statements to the police, the jury believed that the victim told the truth under oath. The victim was cross-examined and a reason why she would make up a story about being robbed was never developed. The victim's testimony was determined by the jury to be credible and therefore we find no error in the circuit court's finding that there was sufficient evidence of an unlawful taking in order to charge petitioner with first degree robbery.

---

[2] Moreover, "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). We have reviewed the record on appeal, the parties' arguments regarding the various errors that Petitioner assigns to the trial court and raises now under the "plain error" doctrine, and the circuit court's order. Upon review, we concur with the trial court that none meet the requirements of that doctrine.

*Richardson I* at \*4. Because we have already found no error in the trial court's finding that there was sufficient evidence of an unlawful taking, our ruling is res judicata and petitioner may not raise it again via habeas. Similarly, petitioner is collaterally estopped from relitigating the issue of the victim's inconsistent statements, and so is foreclosed from using allegations as to the victim's veracity in a collateral attack upon his conviction and sentence for first degree robbery.

Petitioner also asserts that the circuit court erred when it concluded that the evidence offered by the State at trial did not amount to a constructive amendment of the charge in the indictment of first-degree robbery.[3] Based on our review of the record in appeal, the parties' arguments, and the circuit court's order, we agree with the circuit court that any difference between the allegations in the indictment and the evidence at trial did not mislead petitioner, subject him to any additional burden of proof, or otherwise prejudice him and so was an amendment of form, only. ("An 'amendment of form' which does not require resubmission of an indictment to the grand jury occurs when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced." Syl. Pt. 3, in part, *State v. Adams,* 193 W.Va. 277, 456 S.E.2d 4 (1995).)

The indictment informed petitioner that he was charged with first degree robbery, West Virginia Code § 61-2-12(a) (2000). The indictment also informed petitioner that he was charged with assault during the commission of a felony, § 61-2-10 (1882), so he was aware that the State planned to present evidence of bodily harm to the victim. For that same reason, any difference between the indictment and evidence offered at trial did not subject petitioner to any added burden of proof. Finally, petitioner's trial counsel testified repeatedly during the omnibus hearing that the defense to the robbery charge was that petitioner did not steal, take away, or carry $103 from Ms. Cool's apartment, *i.e.*, that the robbery did not occur, at all. So, the means by which petitioner accomplished the robbery (by threat of force or the commission of violence) was irrelevant to the defense theory. Any difference between the robbery count in the indictment and the State's evidence at trial resulted in, at most, an amendment of form—rather than an impermissible constructive amendment—to the first degree robbery count of the indictment.

Finally, petitioner alleges that trial counsel was ineffective by failing to object to the introduction of Rule 404(b) evidence, failing to investigate a potential juror's Facebook friendship with an assistant prosecuting attorney, failing to object to the constructive amendment of the indictment with regard to the charge of first degree robbery, failing to effectively impeach the victim, and failing to object to an incomplete jury instruction as to the elements of first degree robbery.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable

---

[3] Petitioner also challenges the circuit court's finding that any error was harmless. Because we conclude that the circuit court did not err when it found that no constructive amendment of the first degree robbery charge in the indictment had occurred, we do not address this argument.

probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *Miller*, 194 W. Va. at 3, 459 S.E.2d at 114.

In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id*. at Syl. Pt. 6.

Here, the circuit court applied an objective standard to determine that counsel's performance was not outside the broad range of professionally competent assistance and that even if it had been, the results of petitioner's trial would not have been different. Upon review of the record on appeal, the parties' arguments, and the circuit court's order, we find that the circuit court did not err in concluding that petitioner had not satisfied the two-pronged test of *Strickland v. Washington*. *See* Syl. Pt. 5, *Miller* at 3, 459 S.E.2d at 114.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our own review of the record and the parties' briefs supports the circuit court's decision to deny petitioner habeas relief based on the assignments of error presented on appeal. As we stated above, the circuit court's order contains detailed findings of fact and conclusions of law as to the errors raised before the circuit court and again on appeal. In light of our conclusions that the circuit court's order and the record before us disclose no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's October 23, 2018, "Final Order" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Justice Margaret L. Workman