**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**Jared Michael Iseli,
Petitioner Below, Petitioner**

**vs.) No. 20-0094** (Randolph County 18-C-109)

**Donnie Ames, Superintendent,
Mt. Olive Correctional Complex,
Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jared Michael Iseli, by counsel Kevin D. Mills and Shawn R. McDermott, appeals the order of the Circuit Court of Randolph County, entered on January 13, 2020, denying his petition for a writ of habeas corpus. Respondent State of West Virginia appears by counsel Patrick Morrisey and Lara K. Bissett.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Jared Michael Iseli was indicted in the Circuit Court of Randolph County on two counts of sexual assault in the first degree (W. Va. Code § 61-8B-3(a)) in February of 2014, after a police investigation showed that, when Mr. Iseli was twenty years old, he twice arranged to meet an eleven-year-old girl near her home and on both occasions sexually assaulted her. Mr. Iseli entered an agreement with the State and, in November of 2014, appeared for a plea hearing before The Honorable Thomas Steptoe, a senior status circuit court judge who was temporarily assisting with the docket for the 20th Judicial Circuit. During allocution, Mr. Iseli admitted to the facts charged in the indictment, but stated that he believed the victim to be sixteen years old at the time of the assaults.[1] The circuit court accepted his plea to one count of sexual assault in the first degree. Mr. Iseli later appeared for his scheduled sentencing hearing, but Judge Steptoe deferred sentencing and referred Mr. Iseli for a diagnosis and classification evaluation.

---

[1] Criminal intent is not a necessary element for a conviction of first-degree sexual assault based on the age difference between a perpetrator and his victim. *State v. Dolin*, 176 W. Va. 688, 696, 347 S.E.2d 208, 217 (1986), *overruled on other grounds by State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

Prior to the completion of the requested evaluation, in March of 2015, a new circuit court judge was installed in the 20th Judicial Circuit, but he voluntarily disqualified himself from Mr. Iseli's criminal prosecution. A second senior status judge was assigned to preside over the prosecution, but he also voluntarily recused himself. A third senior status judge, The Honorable Thomas H. Keadle, was assigned to preside over Mr. Iseli's case by administrative order of this Court entered in March of 2015. After explaining that he had reviewed the case materials (including the presentence investigation report and the reports of mental health examinations) and that he found himself "fully informed[,]" Judge Keadle sentenced Mr. Iseli to a term of incarceration in the West Virginia State Penitentiary for fifteen to thirty-five years. This sentence reflects the parties' intention that Mr. Iseli be sentenced under the more lenient terms of West Virginia Code § 61-8B-3(b), without regard to the provisions of West Virginia Code § 61-8B-3(c).[2]

Mr. Iseli filed a petition for writ of habeas corpus with the circuit court in October of 2018. The circuit court conducted an omnibus hearing on this petition and ultimately denied Mr. Iseli's request for relief by order entered on January 13, 2020. On appeal, Mr. Iseli asserts two assignments of error. In his first assignment of error, Mr. Iseli argues that his due process rights were violated at his sentencing because he entered into a plea agreement with the understanding that Judge Steptoe would also act as the sentencing judge. He argues, within this same assignment

---

[2] West Virginia Code § 61-8B-3(a)(2) declares that a person commits sexual assault in the first degree if "[t]he person, being fourteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is younger than twelve years old and is not married to that person." A person found guilty of sexual assault in the first degree "shall be imprisoned in a state correctional facility not less than fifteen nor more than thirty-five years . . . ." W. Va. Code § 61-8B-3(b). However,

> [n]otwithstanding the provisions of subsection (b) of this section, the penalty for any person violating the provisions of subsection (a) of this section who is eighteen years of age or older and whose victim is younger than twelve years of age, shall be imprisonment in a state correctional facility for not less than twenty-five nor more than one hundred years and a fine of not less than five thousand dollars nor more than twenty-five thousand dollars.

W. Va. Code § 61-8B-3(c). Mr. Iseli was twenty years old at the time he twice assaulted his eleven-year-old victim and, pursuant to this subsection, would have been exposed to an aggregate sentence of fifty to two-hundred years of incarceration for commission of acts described in West Virginia Code § 61-8B-3(a). Though Mr. Iseli pled guilty to committing the acts as described in subsection (a), the circuit court allowed him to enter his plea as if he was closer in age to his victim and, therefore, subject to the punishment described in subsection (b). Under the facts and circumstances of this case, where the State has not raised any issue as to the possible illegality of Mr. Iseli's sentence, we need not decide whether the punishment set forth in subsection (c) is mandatory in any case where the facts establish that the defendant is eighteen years of age or older and the victim is younger than twelve years of age.

of error, that Judge Keadle failed to ensure the objectivity of the probation officer who completed the presentence investigation report, failed to ensure the accuracy of the presentence investigation report or victim impact statement, and failed to make specific findings of fact to support the imposed sentence. In his second assignment of error, Mr. Iseli asserts that he was adversely affected by the ineffective assistance of counsel who, he argues, failed to take steps to correct the issues described in his first assignment of error. Our standard of review was explained in Syllabus Point 1 of *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006):

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a de novo review.

While considering Mr. Iseli's assignments of error, we are mindful that a criminal "defendant has a due process right to be sentenced on the basis of accurate information. *Fox v. State*, 176 W. Va. 677, 682, 347 S.E.2d 197, 202 (1986). *See United States v. Tucker*, 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972)." *State v. Craft*, 200 W. Va. 496, 499, 490 S.E.2d 315, 318 (1997). We also recognize that "'[f]ailure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt.' Syllabus Point 5, *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975)." Syl. Pt. 2, *State v. Mechling*, 219 W. Va. 366, 368, 633 S.E.2d 311, 313 (2006).

On the face of the appendix record on appeal, we perceive no support for Mr. Iseli's assignments of error concerning Judge Keadle's presiding over the sentencing hearing, or the adequacy of his review and sentencing determination.[3] Furthermore, were our review of the record to reveal error as assigned by Mr. Iseli, we find that such error would be harmless beyond a reasonable doubt. Mr. Iseli entered a plea to a single count of a two-count indictment for a criminal offense for which the indeterminate sentence is mandated by statute. Upon the entry of Mr. Iseli's guilty plea, no sentencing judge had discretion to pronounce a sentence other than that decreed by Judge Keadle: a term of incarceration in the state penitentiary for fifteen to thirty-five years. And because Mr. Iseli pled guilty to a single count, there was no question of the appropriateness of stacking sentences to run consecutively or allowing the sentences to run concurrently. Mr. Iseli was sentenced as the legislature mandated in West Virginia Code § 61-8B-3(b).[4]

---

[3] We addressed Mr. Iseli's contentions concerning the accuracy of the information considered by the circuit court in detail in *State v. Iseli*, No. 15-0884, 2016 WL 4987262 (W. Va. Sept. 19, 2016) (memorandum decision), and our prior discussion sufficiently addresses these factual matters.

[4] Mr. Iseli argues throughout his brief that his sentence was "fundamentally unfair," but he fails to articulate a potentially more favorable outcome, other than to speculate that "there is a reasonable probability that Judge Steptoe would have imposed a lesser sentence than Judge Keadle." As explained in the body of this decision, Judge Steptoe lacked the discretion to deviate from the incarceration term mandated by the statute. We also note, though Mr. Iseli did not argue (Continued…)

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

Justice Tim Armstead, concurring and writing separately:

I concur with the majority's conclusion which affirms the circuit court's order. However, I would have placed this case on the Court's argument docket to examine whether Petitioner was properly sentenced pursuant to West Virginia Code § 61-8B-3(b). As the majority notes in footnote two, there was a potential issue in this case regarding whether Petitioner should have been sentenced pursuant to West Virginia Code § 61-8B-3(c), which provides:

> [n]otwithstanding the provisions of subsection (b) of this section, the penalty for any person violating the provisions of subsection (a) of this section who is eighteen years of age or older and whose victim is younger than twelve years of age, shall be imprisonment in a state correctional facility for not less than twenty-five nor more than one hundred years and a fine of not less than five thousand dollars nor more than twenty-five thousand dollars.

W. Va. Code § 61-8B-3(c).

The State has not raised any issue regarding Petitioner's sentence in the

that he should have been considered a probationary or youthful offender status candidate, that "probation is a privilege of conditional liberty bestowed upon a criminal defendant through the grace of the circuit court" (*State v. Georgius*, 225 W. Va. 716, 720 n.3, 696 S.E.2d 18, 22 n.3 (2010) (citations omitted)) and "classification of an individual as a youthful offender rests within the sound discretion of the circuit court" (*State v. Booth*, 224 W. Va. 307, 313 n.8, 685 S.E.2d 701, 707 n.8 (2009) (citations omitted). A circuit court's declining to extend this grace is not a matter of constitutional significance for which habeas corpus proceedings are appropriate. *See Edwards v. Leverette*, 163 W. Va. 571, 576, 258 S.E.2d 436, 439 (1979). Furthermore, probation is not, in itself, a sentence. *See* Syl. Pt. 2, *State ex rel. Strickland v. Melton*, 152 W. Va. 500, 165 S.E.2d 90 (1968).

4

present case. However, because this issue could arise in future cases, I believe this Court should examine this statute and determine whether the punishment set forth in subsection (c) is, as I believe the text indicates, mandatory in any case where the defendant is eighteen years of age or older and the victim is younger than twelve years of age.