## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jason Rea,**
**Petitioner Below, Petitioner**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 16-0542** (Berkeley County 15-C-41)

**Patrick A. Mirandy, Warden,**
**St. Marys Correctional Center,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Jason Rea, by counsel Ben J. Crawley-Woods, appeals the Circuit Court of Berkeley County's May 12, 2016, order denying his petition for post-conviction habeas corpus relief. Respondent Patrick A. Mirandy, Warden, by counsel Cheryl K. Saville, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying habeas relief when (1) his trial counsel was constitutionally ineffective, and (2) the circuit court violated Rule 11 of the West Virginia Rules of Criminal Procedure by failing to inform him of his maximum potential prison sentence, rendering his pleas involuntary.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

In November of 2006, petitioner stabbed Brian Stratton thirty-seven times and also stabbed Mr. Stratton's grandmother when she attempted to intervene.[1] As a result of the incident, petitioner was indicted on two counts of attempted first-degree murder, two counts of malicious wounding, and two counts of burglary by breaking and entering.

In September of 2007, the circuit court held a pre-trial hearing. At that hearing, petitioner's counsel stated that

[a]fter some discussions with [the State] this morning, and a lengthy discussion with [petitioner] yesterday evening out at the jail, [petitioner] has indicated to me

---

[1]Due to the stabbing, Mr. Stratton was in full cardiac arrest when he arrived at the hospital. It was reported that doctors had to directly massage Mr. Stratton's heart to revive him and that part of one lung was removed.

1

– excuse me, judge – that he is prepared to enter a change of plea this morning. This is without any agreement from the State. It is a non-agreement change of plea.

Thereafter, the circuit court engaged in a plea colloquy with petitioner. During the plea colloquy, the circuit court asked petitioner, "do you know what the maximum sentence could be that you could have imposed against you on these charges would be [sic]?" Petitioner answered, "[y]es, sir." The circuit court and petitioner then discussed in detail the potential prison term for each count as follows: three to fifteen years for each count of attempted first-degree murder; two to ten years for each count of malicious assault; and one to fifteen years for each count of burglary. At the hearing, petitioner also indicated that no one pressured him to enter his pleas and that he was satisfied with his trial counsel's advice and representation. The circuit court also asked petitioner if he and his trial counsel had sufficiently "sat down . . . and taken the time to discuss [the] case[,]" and petitioner answered in the affirmative. At the conclusion of the hearing, petitioner pleaded guilty to four counts (one count of attempted first-degree murder; two counts of malicious wounding; and one count of burglary) and "no contest" to the remaining two counts (one count of burglar and one count of attempted first-degree murder).

In February of 2008, petitioner was sentenced to prison for three to fifteen years for each count of attempted first-degree murder; two to ten years on each count of malicious assault; and one to fifteen years on each count of burglary, all to be served consecutively. Petitioner's cumulative prison sentence was twelve to eighty years.

Later in 2008, petitioner filed an ethics complaint against his trial counsel. In hand-written documents filed with his complaint, petitioner claimed that his trial counsel told him before the plea hearing in September of 2007 that if the case went "to trial . . . [petitioner] would be found guilty and would receive the full 12-80 years." Further, petitioner stated in those documents that his trial counsel "constantly hammered into [petitioner's] head that [he] had no defense and was gonna be found guilty of everything and given the full 12-80 if [he] went to trial."

In 2011, petitioner was resentenced for purposes of appeal. Petitioner appealed the resentencing order on the ground that the circuit court erred in sentencing him to the maximum potential prison term. By memorandum decision, this Court affirmed petitioner's sentence. *See State v. Rea*, No. 11-1324, 2013 WL 149623 (W.Va. Jan. 14, 2013) (memorandum decision).

In January of 2015, petitioner filed the underlying petition for post-conviction habeas corpus relief. Among his grounds, petitioner argued (1) that he received ineffective assistance of trial counsel due to many alleged insufficiencies in his trial counsel's representation (including lack of proper advice); and (2) that the circuit court failed to inform petitioner of the maximum potential consecutive prison term for his crimes, in violation of the requirement in Rule 11 of the West Virginia Rules of Criminal Procedure. In May of 2015, the State filed a response asking the circuit court to dismiss the petition.

In March of 2016, the circuit court held an evidentiary hearing.[2] At the hearing, four witnesses testified: petitioner, his mother, his father, and his sister. All four witnesses testified that petitioner's trial counsel failed to inform them of the potential maximum prison term of twelve to eighty years. According to these witnesses, petitioner's trial counsel led them to believe that the sentence would be two years in a youthful offender program or, potentially, three to fifteen years in prison. The witnesses also claimed that petitioner's trial counsel failed to sufficiently investigate the case or raise any defenses, including a potential mental health defense. The circuit court also admitted into evidence the documents petitioner filed with his ethics complaint against his trial counsel wherein he admitted that he was informed of the potential maximum prison sentence of twelve to eighty years.

By order entered on May 12, 2016, the circuit court denied petitioner's habeas petition. The circuit court found that petitioner's trial counsel adequately informed petitioner of his potential maximum sentence, as evidenced by petitioner's admissions in his ethics complaint. Further, the circuit court found that petitioner clearly indicated during the plea colloquy that he understood his decision to enter his pleas of guilty; that he was not coerced into entering those pleas; and that he knew the potential maximum sentence for his crimes, which he repeated for the circuit court at that time.[3] The circuit court noted that petitioner's trial counsel had no obligation to inform family members of the nuances of petitioner's legal situation. Petitioner also stated at the plea hearing that he and his trial counsel had discussed his case, and he was satisfied with counsel's representation. For those reasons, the circuit court denied petitioner habeas relief. This appeal followed.

We apply the following standard to our review of a circuit court's order denying habeas review:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Further, a habeas petitioner bears the burden of establishing that he is entitled to the relief sought. *See Markley v. Coleman*, 215 W.Va. 729, 734, 601 S.E.2d 49, 54 (2004); Syl. Pts. 1 and 2, *State ex rel. Scott v. Boles*, 150 W.Va. 453, 147 S.E.2d 486, 487 (1966).

---

[2]It appears from the record on appeal that petitioner's trial counsel passed away before the date of the omnibus evidentiary hearing.

[3]The circuit court also noted that petitioner likely waived his Rule 11 contention because he failed to include the issue in his direct appeal. Regardless of this finding, the circuit court analyzed petitioner's claim on the merits.

On appeal, petitioner first argues that the circuit court erred in denying his claim that his trial counsel was constitutionally ineffective. We have previously held that

> "[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *Ballard v. Ferguson*, 232 W.Va. 196, 751 S.E.2d 716 (2013). We have also explained that

> [i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Miller*, 194 W.Va. 3, 6-7, 459 S.E.2d 114, 117-18, syl. pt. 6. Moreover, we have held that "'[o]ne who charges on appeal that his . . . counsel was ineffective . . . must prove the allegation by a preponderance of the evidence.' Syllabus Point 22, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)." Syl. Pt. 4, *State ex rel. Kitchen v. Painter*, 226 W.Va. 278, 700 S.E.2d 489 (2010).

Petitioner claims that his trial counsel did not adequately prepare his defense and failed to inform him of the maximum potential prison sentence of twelve to eighty years, thus coercing him into entering his pleas of guilty/"no contest." Petitioner further contends that his trial counsel failed to meet with him for a lengthy period at the outset of his case; failed to obtain a mental health evaluation; and failed to provide him with a copy of his indictment. Respondent argues that many of petitioner's factual assertions are not supported by the record on appeal, but that petitioner's own statements show that his trial counsel informed him of the potential twelve to eighty years prison term. We agree.

Regarding his trial counsel's alleged failure to inform him of the maximum potential sentence of twelve to eighty years, petitioner clearly stated in two documents filed in relation to the ethics complaint that his trial counsel made him aware of that potential prison term. In those documents, petitioner stated that his trial counsel told him that if he lost at trial, he "would receive the full 12-80 years" and that his trial counsel "constantly hammered into [his] head that [he] had no defense and was gonna be found guilty of everything and given the full 12-80 if [he] went to trial." Based on these statements, it is clear that petitioner admitted that his trial counsel properly informed him of the maximum potential sentence. As petitioner's factual claim about

his trial counsel lacks merit, his related legal claim of ineffective assistance deriving therefrom must fail.

With relation to his trial counsel's alleged failures to arrange a mental health evaluation, to meet with him, and to provide a copy of his indictment, petitioner relies solely on his own filings, letters, and testimony. As to the mental health evaluation, there is no evidence aside from petitioner's self-serving statements that he gave his trial counsel any indication that a mental health evaluation may be necessary. Further, petitioner has not shown that he has any mental health diagnosis or concern that would have been found if an evaluation was performed. As such, it is unclear how he satisfies the second prong of the *Strickland/Miller* test because he failed to establish that the outcome of the proceedings would have been different but for the failure to obtain a mental evaluation.

Notably, contrary to many of his current claims, petitioner stated at the plea hearing that he adequately met with his trial counsel to discuss the case and that he was satisfied with his trial counsel's advice and representation. He also failed to mention at that hearing that he was not provided with any required documentation, such as an indictment. Given petitioner's contradictory statements about his trial counsel, petitioner essentially asks this Court to discount the circuit court's reliance on his positive statements about his trial counsel from the plea hearing and credit the negative statements he made about his trial counsel thereafter. We decline to do so. We have often explained that this Court generally defers to a circuit court's findings based on weight and credibility determinations. We have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Indeed, this Court has explained that "a trial court's credibility determinations are entitled to special deference." *Bartles v. Hinkle*, 196 W.Va. 381, 389, 472 S.E.2d 827, 835 (1996). The circuit court resolved the contradiction in petitioner's statements about his trial counsel by crediting his statements from the plea hearing. We find no reversible error in those findings. For that reason, petitioner's first assignment of error lacks merit.

Next, petitioner argues that the circuit court should have granted his habeas petition on the ground that Rule 11 of the West Virginia Rules of Criminal Procedure was violated during his plea hearing. Initially, we note that habeas relief is not a substitute for ordinary trial error. This Court has stated that

> [h]abeas corpus serves as a collateral attack upon a conviction under the claim that the conviction was obtained in violation of the state or federal constitution. While our legislature, through the enactment of W.Va.Code, 1931 [§] 53-4A-1 through 11, as amended has provided a broad and effective post-conviction review, we still maintain a distinction, so far as post-conviction remedy is concerned, between plain error in a trial and error of constitutional dimensions. Only the latter can be a proper subject of a habeas corpus proceeding. As succinctly expressed in Point No. 4 of the Syllabus of *State ex rel. McMannis v. Mohn*, [163] W.Va. [129], 254 S.E.2d 805 (1979): "A habeas corpus proceeding

5

is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed."

*Edwards v. Leverette*, 163 W.Va. 571, 576, 258 S.E.2d 436, 439 (1979). Petitioner fails to indicate how his claim that the circuit court's plea colloquy violated Rule 11 rises to the level of a constitutional due process violation.

However, assuming the claim is reviewable in a habeas proceeding, we find no error. According to petitioner, the circuit court failed to inform him of his maximum potential prison sentence during the plea colloquy in September of 2007, thus violating Rule 11. Petitioner further argues that the circuit court's alleged failure rendered his subsequent pleas involuntary. Rule 11(c) provides as follows:

> Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> > (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law[.]

W.Va. R. Crim. Proc. 11(c). Contrary to petitioner's assertions, the record on appeal demonstrates that the circuit court informed petitioner of the minimum and maximum prison term for each count involved and that petitioner expressly confirmed that he understood the same. During the plea colloquy petitioner stated the applicable minimum and maximum prison terms for each count. While petitioner argues that he was not informed that his prison sentence could be imposed consecutively rather than concurrently, a reading of the plea colloquy reveals that it was apparent from the context that petitioner faced the penalty for each count separately and that he could be sentenced to the prison term related to each of the six counts at issue. Consequently, we find that the circuit court did not violate Rule 11 in its plea colloquy with petitioner. Therefore, petitioner's second assignment of error is also without merit.

For the foregoing reasons, the circuit court's May 12, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

6